TEXAS LAND AND LOAN COMPANY V. JAS. A. BLALOCK ET AL.

No. 2801.

1. **Privy Acknowledgment of Married Woman.**—Where it is shown that a vendee took a conveyance from a married woman without any knowledge or reason to believe that any of the recitations in the officer's certificate to the privy acknowledgment were untrue, the certificate being full and regular, testimony contradicting such recital should be excluded.

2. **Homestead of a Married Man.**—The homestead of a married man can not be mortgaged so as to fix a lien upon it.

3. **Recitals in Mortgage.**—Where the husband and wife resided upon a farm of less than two hundred acres as their homestead, they can not by recitals in an attempted mortgage change the status of the property so as to subject it to a mortgage.

4. **Designation of Homestead.**—No designation of homestead contrary to the fact will enable parties to evade the law and encumber homesteads with liens forbidden by the Constitution.

5. **Subrogation—Case in Judgment.**—Husband and wife owned a rural homestead upon which the vendor's lien was held for $475. They made a loan of $800, and to secure same executed a trust deed upon the homestead, reciting that it was free from encumbrance. The lenders knew of the vendor's lien, and caused the lien to be discharged before paying over the balance of the loan. Subsequently the husband and wife sold the land. In the suit to enforce the loan, the mortgagors and their vendee being made parties, *held:*

1. It was proper to subrogate the mortgagee to the rights of the holder of the vendor's lien against the vendee.

2. Stipulated attorney fees provided for in the mortgage were properly refused.

APPEAL from Galveston. Tried below before Hon. Wm. H. Stewart. The opinion states the case.

*R. Waverly Smith* and *Davidson & Minor*, for appellant. — 1. The court erred in admitting the evidence of Mrs. M. J. Blalock over objections of plaintiff, that she did not read, or that there was not read to her by the notary, certain recitals in the trust deed declared on herein, it appearing from said bill of exceptions and from her own and other evidence in said cause that she had willingly and voluntarily signed said trust deed, and that the same was thereafter delivered to plaintiff, duly acknowledged by said M. J. Blalock, and upon which plaintiff advanced money in good faith. Williams v. Pouns, 48 Texas, 141; Waltee v. Weaver, 57 Texas, 569; Webb v. Burney, 70 Texas, 322; Pierce v. Fort, 60 Texas, 464; Pool

v. Chase, 46 Texas, 207; Davis v. Kennedy, 58 Texas, 516; Hartley v. Frosh, 6 Texas, 208; Shelby v. Burtis, 18 Texas, 644; Stringer v. Swenson, 63 Texas, 7; Wiley & Co. v. Prince, 21 Texas, 637; Henderson v. Terry, 62 Texas, 281.

2.   The certificate of the notary who took the acknowledgment of Mrs. Blalock to the trust deed being in compliance with law, evidence on the part of such notary to impeach such certificate or show its falsity was not admissible, appellant having advanced money upon such trust deed so acknowledged, without any acknowledment of the alleged omission on the part of the notary.   1 Dev. on Deeds, sec. 528.

3.   The court erred in refusing to enforce the mortgage for the full amount of the note secured by it.   Dev. on Deeds, sec. 1278; Big. on Estop., sec. 484; Mortgage Co. v. Norton, 71 Texas, 653; Schwarz v. Bank, 67 Texas, 218; Cravens v. Booth, 8 Texas, 243; Burleson v. Burleson, 28 Texas, 416; Coker v. Roberts, 71 Texas, 597; Heidenheimer v. Stewart, 65 Texas, 323; O'Brien v. Hilburn, 9 Texas, 297; Dobbin v. Cordiner, 42 N. W. Rep., 870; Paxton v. Marshall, 18 Fed. Rep., 361; Rogers v. Ins. Co., 12 N. E. Rep., 495; Wood v. Ins. Co., 9 N. E. Rep., 361.

4.   There being at the time of and before said trust deed was executed a vendor's lien upon said conveyed property for balance of purchase money, amounting to $475, owing by the said J. A. Blalock, and appellant, at the request of and in pursuance of an understanding with the said J. A. Blalock, having paid to the vendor of said property and holder of said lien the said purchase money, and the said J. A. Blalock thereafter giving his note to appellant for said $475 (including therein other money then loaned, in all amounting to $800), bearing interest at 12 per cent, and 10 per cent attorney fees, and securing same by said trust deed, appellant thereby became subrogated to all the rights of said Blalock's vendor of said land, including the vendor's lien thereon, and was entitled to a judgment of foreclosure therefor, including the interest and attorney fees provided in said note.   Hicks v. Morris, 57 Texas, 658; Dillon v. Kaufman & Runge, 58 Texas, 696; Bank v. Ackerman, 70 Texas, 315; Eylar v. Eylar, 60 Texas, 315; Warhmund v. Merritt, 60 Texas, 24; Washington v. Bank, 64 Texas, 4; Miner v. Bank, 53 Texas, 559.

5.   The defendant John Markward purchased said property with knowledge and notice of appellant's trust deed thereon, and such trust deed so recorded before his said alleged purchase was sufficient to put the said Markward on inquiry as to the rights of appellant thereunder.   Rev. Stats., art. 4334; 2 Dev. on Deeds, secs. 743, 744; Parks v. Willard, 1 Texas, 350; Traylor v. Townsend, 61 Texas, 144.

*McLemore & Campbell,* for appellees. — 1. The Constitution and laws prohibit parties from borrowing or lending money on homestead property, except for the purposes indicated, and it is against the force of the Con-

stitution and the laws for persons to undertake to circumvent public policy and the laws by so acting as that homestead property can be mortgaged for debt or borrowed money by any device or method.

2. The policy of the law forbids persons from undertaking to lend money, except for stated purposes, on homesteads; and although plaintiff might have loaned money to Blalock to enable him to save his homestead from sale for the unpaid purchase money, by continuing the lien on the property, yet equity will not force this protection to the plaintiff where it is manifest that the object and purpose was not to save the homestead, but to encumber the same with a much larger amount, because out of an unlawful transaction no equity would arise.

STAYTON, CHIEF JUSTICE.—On March 1, 1887, and for a long time prior thereto, James A. Blalock was the head of a family consisting of himself, wife, and children, and had and at that date was with his family residing on a tract of land containing less than two hundred acres. On day named Blalock and wife executed a deed of trust on that land to secure to appellant a loan of $800 then made.

Application for the loan was made by Blalock on February 24, 1887, was sworn to by him, and contained the statement "that no portion of the above described property is now or can become our homestead, or the homestead of any other person, until after the loan applied for has been paid in full; that I am in actual possession of said lands; * * * that M. J. Blalock is my lawful wife, and that I was married to her on the 18th day of March, 1875. * * * The above lands do not form any part of my homestead. The following described property is the homestead of myself and family, and we are living on it and using and occupying the same as such; and I will further add that the same has been fully paid for, and is free from every lien except as follows, due the State $320 two years hence; and our homestead is described as follows: Bastrop section school land No. 14, in Burnet County, Texas."

This application was made on a blank form furnished by appellant, and there is conflict in the evidence as to whether the persons who conducted the negotiations were the agents of appellant or appellee.

The trust deed contains the following declaration: "The parties of the first part hereby declare that the property hereinbefore mentioned and conveyed to the party of the second part forms no part of any property by them owned, used, or claimed as exempted from forced sale under the laws of the State of Texas, and disclaim and renounce all and every claim thereto under any such law or laws, and hereby designate the following described property, to-wit, Bastrop section school land No. 14, in Burnet County, Texas, on which in good faith they reside, as their homestead, and as constituting all the property (of nature similar to that herein conveyed) used or claimed by them as exempt under said laws; and

we declare that we have never used the property herein conveyed, and are not now so using it, and the aforesaid designation is made for the purpose of securing a loan on the property conveyed, with the occupancy of which the party of the second and third part are wholly unacquainted."

The property above designated as homestead at no time was ever occupied by Blalock as a home.

The borrowed money not having been paid, this suit was brought to enforce its payment through foreclosure of the lien claimed through trust deed. Blalock and wife, the trustee, and John Markward, who had bought the property, were made defendants.

In defense Blalock and wife alleged that the land was their homestead before and at the time the trust deed was executed, and that for this reason the lien claim was void.

Markman adopted their answer, and further alleged that on November 9, 1888, he bought the land in ignorance of any lien or claim set up by appellant.

The cause was tried without a jury, and the court admitted evidence of Mrs. Blalock and of the officer who took her acknowledgment, tending to show that she may not have known that recitals in reference to the homestead before copied were contained in the trust deed.

If that was true, there is no evidence tending to show that the agents or officers of appellant had any knowledge or reason to believe that she did not know the contents of the paper she executed when they received it and advanced money on it, and in the absence of some such fact the evidence of the witnesses should have been excluded.

The uncontroverted fact, however, remains that Blalock and his family were occupying the land as their home continuously from a period long before until after all the facts transpired on which the rights of the parties depend. It was the homestead of the family.

The Constitution declares that "no mortgage, trust deed, or other lien on the homestead shall ever be valid, except for the purchase money therefor or improvements made thereon, as hereinbefore provided, whether such mortgage or trust deed or other lien shall have been created by the husband alone or together with his wife."

There is no doubt that the application for the loan and the recitals and declarations in the trust deed that the property was not homestead went as far as words could go to assure the lender that it might safely lend its money without fear that lien would be defeated by the existence of homestead rights; and after the many protestations made, the wonder is that the borrowers were not required to make and did not make a further statement that no agent or officer of appellant had capacity to know that land owned and occupied by a husband with his wife and children as their sole place of residence was their homestead.

Discarding all evidence tending to show that the declarations in trust

deed that property was not homestead were placed there without the knowledge or consent of its makers, and after its execution, which in view of all the evidence seems to us incredible, how does the matter stand? The undeniable facts are that Blalock had such interest in the land as homestead rights would attach to, as against any person other than his vendor, to whom balance of purchase money was due; that with his family he was occupying the land as his sole home when the trust deed was executed and money loaned, and so had been for a long time prior to that date, and that the land designated as homestead was not and had not been so occupied.

The fact of actual possession and use as the home of the family was one against which the lender could not shut its eyes; and this fact, coupled with the interest held by the borrower in the land, made the property homestead in fact and in law, on which the Constitution declares no lien such as claimed in this case can exist.

Every person dealing with land must take notice of an actual, open, and exclusive possession, and where this, concurring with interest in the possessor, makes it homestead, the lender stands charged with notice of that fact, it matters not what declarations to the contrary the borrower may make.

It has been held that one remaining in possession of land after having executed and permitted to be placed on record an absolute conveyance, could not rely upon his possession as notice of a secret agreement that the absolute conveyance, as between the parties to it, was only intended as a mortgage, and thus defeat the right of a subsequent innocent purchaser.

That, however, is not this case. Here nothing was hidden; possession was open, certain, and in character in no respect ambiguous. It was such as gave homestead rights, and the lender can not be heard to say that it did not know it.

The Constitution forbidding the fixing on the homestead of liens other than such as are thereby expressly permitted, no estoppel can arise in favor of a lender who has attempted to secure a lien on homestead in actual use and possession of the family, based on declarations of the husband and wife made orally or in writing contrary to the fact. To hold otherwise would practically abrogate the Constitution.

If property be homestead in fact and law, lenders must understand that liens can not be fixed upon it, and that declarations of husband and wife to the contrary, however made, must not be relied upon. They must further understand that no designation of homestead contrary to the fact will enable parties to evade the law and encumber homesteads with liens forbidden by the Constitution. Mortgage Co. v. Norton, 71 Texas, 683; Pellat v. Decker, 72 Texas, 581; Kempner v. Comer, 73 Texas, 203.

At the time the deed of trust was executed and the money loaned there

was a vendor's lien on the land to secure $475 and accrued interest, and although application for loan stated that the land was free from encumbrance, the lender knew better, and before paying the money to Blalock had so much as was necessary applied to discharge the lien.

Under this state of facts the court did not err in subrogating appellant to all the rights held by the holder of the note given for purchase money, and in finding the lien. Hicks v. Morris, 57 Texas, 658.

It is insisted, however, as the note sued on provided for the payment of ten per cent as attorney fees in case suit became necessary, that the court ought to have at least allowed ten per cent on the principal and interest due on purchase money. The court did not err in refusing this, for all appellant was entitled to recover through enforcement of lien was by reason of its right to subrogation, which could not extend to any sum the vendor of the land would not have been entitled to receive had he sued. The note given for purchase money had no provision for payment of attorney fees.

Defendant Markward bought after the trust deed was executed, and with knowledge of the facts, and can not complain that the land was subjected in his hands to the payment of purchase money or sum equivalent thereto.

Moreover, it seems that he has in his hands property intended as a part of the purchase price he was to pay to Blalock, in value more than sufficient to discharge the judgment for which the property in his hands is made liable. If there be any matter of error as to him, he has not presented it.

The improper admission of evidence, especially in a case tried before the court, is no ground for reversal, when on the uncontroverted and vital facts no other judgment could have been rendered than that entered.

The judgment will be affirmed.

*Affirmed.*

Delivered February 11, 1890.