## J. K. HAWES ET AL. V. PARRISH & POTTER.

### Decided June 2, 1897.

**1. Venue—Place of Performance.**

Suit upon a note, and for foreclosure of a deed of trust to secure it, is properly brought in the county where the note is payable and the deed of trust, by its terms, enforceable, though the mortgaged land lies and the defendants reside in another county.

**2. Note—Extension.**

See correspondence between debtor and creditor, held not to establish a renewal and extension of time for payment of a note.

**3. Homestead—Estoppel.**

An estoppel from asserting a claim of homestead against a mortgage can not alone be based upon the representations of the claimants that it is not homestead. Such statements must be coupled with acts showing an abandonment or nonuser of the property, reasonably calculated to influence the conduct of the party, and actually doing so. Where there was no knowledge of the facts tending to show such abandonment they could not have had such effect.

**4. Right to Open and Close—Admitting Plaintiff's Case.**

Where defendants admitted the execution of the note and mortgage sued on, but set up a claim of homestead to defeat foreclosure, they were entitled to open and conclude.

APPEAL from Travis. Tried below before Hon. R. E. BROOKS.

The following statement of the correspondence relating to extension of time upon the note is taken from the brief of appellee: "On November 1, 1893, J. K. Hawes wrote to plaintiffs' agents inclosing the interest then due and asking when the loan would be due, and if they would renew it; on November 5, 1893, these agents replied that the loan would be due on November 1, 1894, 'and if you wish, we shall be glad to renew same for five years' on his bringing up the abstract and paying the recording fees; one year afterward J. K. Hawes wrote these agents that he wanted to renew the loan; the agents replied that it would cost him $70, as they would have to obtain a new loan for him from other clients, but that they

would pay the recording and abstract fees. Hawes replied, declining to do this; appellants alleged in their pleading that plaintiffs extended the loan 'on the same terms and conditions as they then existed,' etc.; the deed of trust provided that in case of any default the trustee or holder of the note might sue on same, etc.; there was default in the payment of the interest that matured on May 1, 1895, and also in the payment of insurance in 1895."

*Robertson & Firmin* and *John Dowell*, for appellants.—Where the debt is the obligation of one, and the collateral security the estate of another, the suit should be brought in the usual course; and the place of performance of the principal debt does not affect the venue of the suit against the surety.

The court erred in admitting in evidence the application for a loan, to be considered by the jury for any purpose whatever, it not being the paper originally signed by J. K. Hawes.

The court erred in admitting in evidence the application for a loan for the purpose of affecting the credibility of the defendant, J. K. Hawes, because no statements therein contained were, or ever had been, sworn to; and no statments made by him as to where his homestead was could possibly affect the physical facts, and were mere statements of legal conclusions.

A written designation of property upon which the family never resided is not evidence, when other property is actually occupied, or averred to be so occupied. Mortgage Co. v. Norton, 10 S. W. Rep., 301; Haswell v. Forbes, 27 S. W. Rep., 566; Hines v. Nelson, 24 S. W. Rep., 541.

The court erred in admitting in evidence the application for a loan, because the same, not being signed by the defendant, Rebecca A. Hawes, could not in any way affect her homestead rights in the premises.

No designation can be made in writing of an urban homestead. Loan Co. v. Blalock, 76 Texas, 89.

In order to bind defendants by estoppel the statement must be: a false representation of material fact, which fact plaintiffs were not bound by legal presumption to know or could not, by diligence, secure knowledge of, because locked in the breasts of the defendants; and if plaintiffs were ignorant of the facts, such ignorance must be excusable, and such representation must be made fraudulently for the very purpose of causing the action taken, forming the chief or sole basis of such action and resulting in injury; and the facts must be clearly proven, so as to leave nothing to inference. Mortgage Co. v. Norton, 10 S. W. Rep., 301; Westbrook v. Guderian, 22 S. W. Rep., 59; Schwartz v. Bank, 2 S. W. Rep., 865.

The court erred in admitting, over defendant's objection, the evidence of witnesses Bustrin, Whitten, Freeman, Mrs. Bustrin, Spivey, and Brown, as to any statements made by J. K. Hawes or Mrs. J. K. Hawes, as to where their home was, or had ever been. Such statements could not contradict the physical facts as to where they and their family resided on the 7th and 8th days of January, 1891, which constituted the sole issue to

be tried in this case. McLaren v. Jones, 33 S. W. Rep., 849; Texas L. &
L. Co. v. Blalock, 76 Texas, 89; Cervenka v. Dyches, 32 S. W. Rep., 316.

The court erred in refusing to allow the defendant to introduce in evidence the letter of plaintiffs' agents, and defendant's showing plaintiffs' agreement to extend the loan herein sued upon, because said letters show a valid and binding agreement to extend said loan and an acceptance of such agreement by defendant, J. K. Hawes, before the maturity of the loan, and before any change in defendant's relations with reference to said loan as to said plaintiffs had occurred.

The court erred in admitting any evidence upon behalf of the plaintiffs, showing any use, occupation, or enjoyment of the Watt street property at any time other than the 7th and 8th days of January, 1891, by defendants for any purpose.

Where plaintiffs seek to avoid the facts by showing an estoppel by acts, it is incumbent upon them to prove the acts so creating an estoppel, their own knowledge of the acts at the time, and their reliance upon them, in ignorance of the true facts, which they could not discover and were not legally bound to know.

There being neither nonoccupation of the premises, nor abandonment of the land in controversy as a homestead, shown by the evidence, and it being shown that the plaintiffs did not wholly trust to defendant's representations, but had an agent upon the spot charged with the duty of investigating those statements, who personally examined the property, the element of faith upon which estoppel is based falls under the weight of the facts, and a charge upon it is reversible error.

*T. W. Gregory,* for appellees.—The note and deed of trust formed one contract enforceable by its terms in Travis County.

No material changes were made in the application for the loan; they were made in the presence of and with the consent of appellant J. K. Hawes, and it was clearly shown that they were.

The application for the loan was clearly admissible to contradict J. K. Hawes, if for no other purpose.

The recitals in the homestead designation and deed of trust were admissible to contradict appellants, and their effect was limited by the court even more than the law of the case justified.

The letters constituted no agreement to extend, and if they did, it was subject to the provision that a failure to pay any installment of interest should mature the whole debt, and appellant's failure to pay the interest which matured on May 1, 1895, matured the entire debt in any event.

The court's charge restricted estoppel to two cases; one in which appellants had ceased occupying the Live Oak street property, and one in which they were only incidentally using it, the Watt street property being used for the main purposes of a home, and on this point was more favorable to appellants than the law of the case justified. Moerlin v. Mortgage Co., 29 S. W. Rep., 163; Parr v. Newby, 73 Texas, 469; Railway v. Winter,

44 Texas, 614; Land Co. v. Blalock, 76 Texas, 89; Mortgage Co. v. Norton, 71 Texas, 687; Marler v. Handy, 88 Texas, 427.

FISHER, CHIEF JUSTICE.—This suit was begun by plaintiffs, Dillwyn Parrish and James Brown Potter, filing their petition on July 26, 1895, in the District Court of Travis County, Texas. Suit was brought on a promissory note, dated Austin, Texas, January 7, 1891, and due November 1, 1894, for $3750, payable to the order of plaintiffs, at Austin, Texas, with 10 per cent interest, payable semi-annually, from date, on May 1st and November 1st, unpaid interest to bear 12 per cent, with 10 per cent additional, attorney's fees, and recites that it is secured by trust deed granted by defendants, and to be recorded in Dallas County, Texas.

This note is signed by J. K. Hawes. Plaintiffs also bring their suit upon a trust deed, of date January 7, 1891, acknowledged January 8, 1891, executed by both defendants, James K. Hawes and Rebecca A. Hawes, his wife, to secure the above recited note, and purporting to constitute a lien upon premises therein described and termed throughout the case as "No. 189 Live Oak street," and lying in the city of Dallas, Texas.

The deed of trust recites the note above set forth, and provides for sale by trustee in Travis County, after advertising in Dallas County, and contains the following clause: "That the trustee or holder may, if he see fit, on occurrence of any of the defaults herein mentioned, sue for and obtain personal judgment on said note, and do all lawful execution thereon before or in addition to selling said property, or may foreclose in court in usual form." It further contains the recital: "That the property herein conveyed or any part thereof is not our homestead, nor claimed, used, or enjoyed by us as such, our residence and homestead being as per special homestead designation papers to be recorded along with these presents. That we will, till above debt be paid, own and maintain said homestead or other legal and unincumbered homestead in place of it." Upon these two instruments they prayed judgment for their debt and foreclosure of their lien.

Answering, defendants pleaded to the venue in statutory form, demanding a trial in Dallas County, the county of their residence and rei sitae; further, by general denial; further, that plaintiffs agree to extend the loan, which is thereby not due; that the property sought to be foreclosed upon is their homestead; and ask that plaintiffs' lien be canceled. Upon the first term after suit was brought the plea of venue was heard and overruled. Each term thereafter until trial this motion was renewed formally, and upon trial again urged, and again overruled.

Defendants then, in open court, withdrew their plea of general denial, admitted the debt and execution of the trust deed, and depended upon their plea of homestead, and upon this demanded the right to open and close, all of which proceedings were duly noted in the docket. Plaintiffs then filed their amended supplemental petition, wherein they pleaded general denial; special denial of extension of time of payment of loan; that if made such extension was nudum pactum—the last two pleas being

verified. Further answering, plaintiffs specially pleaded that if extension was made it was upon the terms of the original trust deed, and is due. Further answering, plaintiffs aver that in case the defendants were, at the time of making the note and deed of trust sued upon, occupying and using as a homestead and residence the property sought to be foreclosed upon, which is denied, they were so then occupying, using, and enjoying as a home and homestead, and claiming as such "lots 5 and 6 of Bowser's Washington avenue addition to the city of Dallas," this property, throughout the case, being referred to as the Watt street property. The pleadings describe this Watt street property and the improvements upon part of it. That defendant, J. K. Hawes, on December 18, 1890, made application for a loan of $4000, and represented that he did not use the Live Oak street property as his homestead, and that his residence and homestead were on the Watt street property, and recited in the application that he understood the loan was granted to him on these representations, and declared them true.

That on January 7, 1891, defendants executed a designation of the Watt street property as their homestead. That on January 7, 1891, defendants executed the trust deed sued upon, and stated that the property conveyed therein was not their homestead, but their homestead was as stated in the designation. The defendants down to the consummation of the loan for $3700 repeatedly informed the plaintiffs, through their agent, that they were living on said property situated on Watt street, and that it was their home, and "that said property on Live Oak street was not their home, but was rented out to tenants and had been permanently abandoned by them, and that they had moved upon said Watt street property with the intention of making it their home." That plaintiffs believed these statements to be true, acted upon them, loaned the money upon them, had no reason to disbelieve them, and that, if defendants occupied the Live Oak street property, which is denied, such use was only incidental, and the use of the Watt street property was for the usual purpose of a home." That the Live Oak street property was not necessary for such purpose. That of the two places defendants elected to take the Watt street place. That they are now estopped by these facts from claiming the Live Oak street property as their homestead.

Defendants excepted generally to the supplemental petition, and specially, that the representations alleged by plaintiffs are not sufficient in law to constitute an estoppel, for that the declarations of the owners of property can not control and supervene over actual and notorious possession. General denial. Special denial, that they never used, occupied or enjoyed the house and lot on Watt street, Dallas, as their homestead.

Upon the issue thus formed the case went to trial and resulted in a verdict and judgment for plaintiffs for the debt and foreclosing of the lien on the property.

*Opinion.*—There was no error in the ruling of the court on the plea of jurisdiction and venue. It was agreed in writing that the contract should

be performed in Travis County. That gave the court jurisdiction of the case for all purposes.

There was no error in the court admitting the evidence complained of, in the assignment of errors, nor was it error, in view of the case made by the record, to refuse to admit the evidence excluded as shown by the tenth assignment or error.

One of the important questions in the case was, whether the defendants were occupying the Oak street property, or the Watt street property, as their homestead, at the time the loan was made and the notes and deed of trust were executed. The appellants contended that they were occupying the Oak street property, and appellee contended that appellants had abandoned the Oak street property and were occupying the Watt street property, or that they were occupying it in such a way as was calculated to induce one of ordinary prudence to believe that it was their homestead, and that this fact, coupled with the representations and statements made by appellants that the Oak street property was not their homestead, had the effect to estop the appellants from setting up a homestead right to the Oak street property.

There are some facts in the record which tend to show that the appellants used both the Oak street and Watt street properties in a way usual in the enjoyment of a homestead. They were not entitled to the exemption of both places as a homestead, and which of the two was so used as a homestead was a question of fact for the jury, which question was left to them by a proper charge upon that subject. But the verdict of the jury was not general, nor did it find which of the two places was the homestead of appellants; but the finding was to the effect that the appellants were estopped from asserting a homestead right in the Oak street property.

The otherwise admirable charge of the court, in presenting the issue of estoppel, in effect includes one essential element that must exist which was not established by the evidence. The Blalock case, in 76 Texas, 89, in effect holds that no estoppel can arise solely from the statements and representations of the wife and husband that the property incumbered was not their homestead, when there are acts of occupancy which indicate that this statement is not true, and that the lender under such circumstances is charged with notice of the right that is indicated by such actual occupancy.

The agents of the plaintiffs who made the loan testified, in effect, that they relied upon the statements made by Hawes and wife in their application for the loan, to the effect that the Oak street property was not their homestead. There is no evidence showing that they, in making the loan, relied upon any knowledge of facts in their possession showing that Hawes and wife had abandoned the Oak street property, or were occupying the Watt street property as a home. The agents of appellees do not testify that they made any examination as to whether Hawes and wife were occupying the Oak or the Watt street property, nor does it appear that they had any knowledge of which place Hawes and wife were occupy-

ing except the statements and representations made by them. Consequently from this it follows that the act, if any, of Hawes and wife tending to show an abandonment of the Oak street property or the use of the Watt street property, if they so used it, tending to show that they occupied it as their home, could not have influenced the conduct of appellees and their agents in making the loan.

The estoppel can not alone be based upon the representations and statements that the property is not the homestead, but such statements must be coupled with acts showing an abandonment or nonuser of the property. And these acts must be of such a character as are calculated to influence the conduct of the party and to create a reasonable belief that the statements are true. One of the essential elements of estoppel is that the party must have been influenced by the conduct or representations of the others, or they must be of such a character as are reasonably calculated to influence his conduct. Now, if this be true, and representations as to homestead can not alone create the estoppel, but it must arise by reason, in part, of the conduct of the parties, how can estoppel exist when it does not appear that a knowledge of facts which had a tendency to show abandonment, or non user, was possessed by plaintiffs or their agents. If they did not know of these facts they could not have been influenced by them. It is true the theory of estoppel which was submitted by the court, and which was found to exist by the jury, was based upon the declarations and statements of the defendants that they were not occupying the Oak street property as their homestead, coupled with acts showing a use and occupancy of the Watt street property as their home, but as the evidence does not show that the plaintiffs or their agents possessed any knowledge of facts showing a use of the Watt street property or the abandonment of the Oak street property, then it must be concluded that they solely relied upon the statements and representations concerning the homestead, and not upon the existence of any physical and actual use or abandonment of the property inconsistent with the homestead character. Consequently, this leads to the conclusion that they were solely influenced by the representations contained in the application, and the acts of occupancy of the Watt street property, or failure to use the Oak street property, were not factors influencing the conduct of plaintiffs and their agents.

Except in the respect pointed out the charge of the court was correct, and submitted all the issues that were proper to be given to the jury.

Upon another trial we suggest that, if the appellants admit upon the record the plaintiffs' case, except in so far as it may be defeated by the homestead right set up by them, they would be entitled to open and conclude the case. Upon that issue, the burden rests upon them.

For the errors discussed, the judgment of the court is reversed and cause remanded.

*Reversed and remanded.*