BAYLESS v. GUTHRIE et al.  (No. 2201.)

(Court of Civil Appeals of Texas. Texarkana. Jan. 20, 1920. Rehearing Denied Jan. 29, 1920.)

HOMESTEAD ⊜57(3) — EVIDENCE SHOWING HOMESTEAD IN ANOTHER TRACT THAN THAT INVOLVED IN FORECLOSURE SUIT.

In an action to foreclose a mortgage, wherein mortgagor interposed a claim of homestead, evidence *held* to sustain a finding that the mortgagor had previously acquired another homestead at the time the mortgage was given.

Appeal from District Court, Smith County; J. R. Warren, Judge.

Action by M. E. Guthrie against Willis Bayless and another. On the death of M. E. Guthrie, Athlena Long was substituted as plaintiff. Judgment for plaintiffs, and defendant Bayless appeals. Affirmed.

Price & Beaird, of Tyler, for appellant. Hanson & Butler, of Tyler, for appellees.

HODGES, J. This action was originally filed by Mrs. M. E. Guthrie against Sam Wilson and the appellant, Bayless. Before the trial Mrs. Guthrie died; and Athlena Long, her sole surviving heir, was substituted as a party plaintiff and continued the prosecution of the suit. The petition sought a recovery upon a promissory note for the sum of $150 dated September 30, 1913, and due March 29, 1915, together with the interest and attorney's fees. It also asked for the foreclosure of a mortgage upon a lot in the city of Tyler which it is alleged was executed by Wilson for the purpose of securing the payment of the note. In a trial before the court a judgment was rendered in favor of the plaintiff against Wilson for the principal of the note together with interest and

attorney's fees, and awarding a foreclosure of the mortgage lien upon the lot referred to. Bayless asserts title to the property in controversy by virtue of a purchase from Wilson and wife in February, 1914, and appeals from the judgment of foreclosure. He contends that the property was Wilson's homestead at the time it was mortgaged to M. E. Guthrie, and that for that reason the effort to incumber it for borrowed money was void. The court filed findings of fact and conclusions of law. The following is the substance of the evidence that is material to be considered on this appeal: The lot involved in this suit formerly belonged to Sam Wilson's father and mother, and had been occupied by them as the family residence. In December, 1912, the mother died, leaving her husband, Julius Wilson, and her only child, Sam Wilson, surviving. In July, 1913, Julius Wilson conveyed his undivided half interest in the property to his son, Sam, thus investing the latter with a fee-simple title to the entire lot. Sam Wilson and wife were with Mrs. Wilson, Sr., at the time of her death, and thereafter continued to occupy the premises as their place of residence until it was sold by them to Bayless in 1914. They were thus occupying and using it at the time this mortgage to Guthrie was executed, and that fact was well known to Guthrie. When the mortgage was prepared Wilson stated to M. E. Guthrie that this lot was not his homestead; that he claimed as his home another lot in another part of the city of Tyler, on which he and his wife had formerly resided and which he had rented to other parties at the time he left it about 11 months prior to his mother's death. For the purpose of inducing Guthrie to take the mortgage and make the loan Wilson caused the following to be inserted in the deed of trust: "Said property is not my homestead or any part thereof." If the evidence touching the home character of the premises had ended here, there would be little reason for denying the homestead claim; for it conclusively appears that at the time this mortgage was executed Wilson and his wife were residing upon and using this property in all respects as their home. That character of use and occupancy is at least prima facie evidence of a homestead dedication, under ordinary conditions; and it becomes conclusive proof in the absence of a showing that another homestead had been acquired which had not then been abandoned. Loan Co. v. Blalock, 76 Tex. 85, 13 S. W. 12; Mortgage Co. v. Norton, 71 Tex. 685, 10 S. W. 301; Kempner v. Comer, 73 Tex. 203, 11 S. W. 194; Jacobs v. Hawkins, 63 Tex. 2; Hines v. Nelson, 24 S. W. 541. The trial judge concluded as a matter of law that the lot in controversy was not Wilson's homestead. Evidently he based that conclusion upon these additional facts disclosed by the record; Wilson married in 1905, and shortly thereafter he and his wife improved and occupied another lot in the city of Tyler as their homestead. They resided upon that lot till about the beginning of 1912, when they rented the premises to another party and moved to Bonham. Some time after its purchase Wilson executed a conveyance of the lot to one Chambers for the purpose of securing a loan. That conveyance was in the form of an unconditional deed, but was intended by Wilson to operate only as a mortgage. He never had repaid that loan, and Chambers had conveyed the property to other parties. Upon the trial Wilson treated that property as having been lost to him. He says he did not know at the time he made the representations to Guthrie about claiming it as his homestead that he had lost the property. When the proof offered by the appellant showed that at the time this mortgage was executed Wilson and wife were residing upon and using the lot in question in all respects as a home for the family, it devolved upon the creditor to show either that Wilson was not so using and occupying the property, or that he had another tract or lot of land which had been dedicated as a homestead and which had not been abandoned. The appellee chose the latter course; and the question before us is: Was the evidence sufficient to justify a finding that at the time this mortgage was given Wilson had another homestead? It is undisputed that he had previously acquired another lot, and that he and his wife had occupied it as their home. If at the time the mortgage was given to Guthrie Wilson still owned that lot, his declarations then made were sufficient to support the conclusion that he had not then abandoned it. Proof of an intention to return and resume its use would be sufficient to show its retention as the homestead. The issue is then narrowed to this: Did the evidence show that Wilson still owned the lot formerly occupied by him when this mortgage was executed? The evidence is undisputed that he had acquired title to the first lot prior to the execution of the mortgage to Guthrie and had not sold it. It is true Wilson testified that he had lost the property, and did not know it when he gave the mortgage. That statement furnished the only evidence that he had in fact lost it. The rule is, "Once a mortgage always a mortgage." If the conveyance from Wilson to Chambers was designed as a mortgage, it remained a mortgage, regardless of the form in which it was expressed. The character of that instrument was not altered by a subsequent conveyance by Chambers to other parties. An innocent purchaser for value would acquire title only by estoppel. There is no evidence that any of those parties who purchased under were in an attitude to claim a title

by estoppel. We are of the opinion that the evidence was such as to support a conclusion that Wilson still owned the title to the first lot he purchased at the time he gave this mortgage to Guthrie. It having been shown that he had previously acquired the other lot which he was at that time claiming as his legal homestead, the court had a right to disbelieve, were it necessary to sustain his findings, what Wilson said about having lost the title to the lot. There is no evidence as to the dates when those conveyances from Chambers to other parties had been made, and there is no data upon which to base Wilson's legal conclusion that he had lost the legal right to redeem the property.

The judgment will therefore be affirmed.