## AMERICAN EXCHANGE NAT. BANK v. JEFFRIES et ux.
### No. 10739.

Court of Civil Appeals of Texas. Dallas.
Jan. 31, 1931.

Rehearing Denied Feb. 21, 1931.

Thompson, Knight, Baker & Harris and Goggans & Ritchie, all of Dallas, for appellant.

Hare & Batsell and Webb & Webb, all of Sherman, for appellees.

JONES, C. J.

Appellant, American Exchange National Bank of Dallas, trustee, as assignee of the Federal Mortgage Company, instituted this suit in a district court of Dallas county against appellees, C. R. Jeffries and wife, Jewel Jeffries, to recover the balance due with interest and attorney fee on a note in the principal sum of $2,000, and to foreclose a deed of trust lien executed by appellees as security for such indebtedness. A judgment was rendered against appellees for the amount of indebtedness found to be due, with interest and attorney fee, but the right of foreclosure of the alleged deed of trust lien was denied. Appellant has duly perfected an appeal from that part of the judgment refusing the foreclosure of the lien. The following are the undisputed material facts:

Appellees are husband and wife and with their two children on April 13, 1925, moved on the property in question, established a homestead thereon, and have continued to live on such property as their homestead since said date. This property is located on Cherry street in Sherman, Tex. Appellees also owned another piece of resident property in Sherman, situated on Jones street, but never lived thereon and never in any way used such property as their homestead. On May 10, 1927, more than two years after the property was subjected to their homestead use, appellees executed the $2,000 note in question, which provided for its discharge by 120 monthly installments of $25.66 each, the first being due June 1, 1927, and one installment due on the first of each month thereafter until it should be discharged; the note had the usual provisions for attorney fee, and also provided that, if default should be made in the payment, or any part thereof, of a monthly installment, for a period of 20 days after its maturity, then, at the election of the holder of such note, the balance due thereon should become immediately payable. Default had been made in payment and the note declared due by appellant. On the same date of the note appellees executed a deed of trust on this property, in favor of Edward T. Moore, as trustee for the Federal Mortgage Company, for the purpose of creating a lien to secure the payment of the note. The Federal Mortgage Company, on May 14, 1927, by written assignment, duly transferred this note and lien to appellant for a consideration of $2,000 paid in cash. Contemporaneous with the execution of the deed of trust, appellees duly made a written designation of their homestead and described in said designation the lot owned by them on Jones street; this designation was duly acknowledged by appel-

lees and placed of record in the deed records of Grayson county, Tex.

Appellees made a duly verified written application to the Federal Mortgage Company for the loan of $2,000 to be secured by deed of trust on the Cherry street property, in which application they fully described the property and the improvements thereon and represented that such property was leased to a tenant at $40 per month, and that no part of such property was their business or residence homestead, and that they did not intend to make such property a homestead, and further designated and described the Jones street property as their existing homestead. The deed of trust also contained a recitation, to the effect that no part of the Cherry street property, described therein, was the homestead of appellees, and also that their homestead was on the Jones street property. An outstanding vendor's lien existed against the Jones street property, but the Cherry street property was free from any incumbrance at the time of the execution of the deed of trust. No part of the $2,000, borrowed from the Federal Mortgage Company, was used or intended to be used for any of the purposes for which the Constitution permits the family homestead to be encumbered with a lien.

The Jones street property, designated as a homestead in the deed of trust, was occupied by the father of appellee C. R. Jeffries, and no rent was charged him for the use of the premises. An inspector of the Federal Mortgage Company, before the loan was accepted, inspected the premises, knocked at the door of the Cherry street house, but received no response, and concluded that the occupants of the house were absent. He made no inquiry from neighbors or any one else as to who occupied the premises at such time, and did not visit the Jones street property or make any inquiry as to its occupancy. The Federal Mortgage Company relied exclusively upon the homestead designation and the statements, respectively, in the deed of trust and the application for the loan as to the homestead rights of appellees, though the physical facts showed that appellees were residing on the Cherry street property at the time the loan was executed, and were not residing on the Jones street property, designated as their homestead. When appellant purchased the note and lien in question, within four days after its execution, it relied solely on said written representations as to the status of the property with reference to homestead use, and did not investigate to see what the physical facts in this respect would show. Appellee C. R. Jeffries did not testify in the case, though the judgment recites that he was present. Mrs. Jeffries testified by deposition.

Except for a question on the admission of evidence, the sole issue presented by this appeal is whether a husband and wife are estopped, by their statements to the contrary, from pleading and proving a homestead exemption in the property sought to be incumbered with the lien, when the physical facts showed that, at the time the loan was negotiated and the contrary statements were made, and the lien attempted to be created, by the execution of the deed of trust on such property, the borrowers were living upon the property sought to be incumbered, and were not living upon the property which they represented to be, and designated as, their homestead.

Section 50, art. 16, of our Constitution declares that: "No mortgage, trust deed, or other lien on the homestead shall ever be valid, except for the purchase money therefor, or improvements made thereon, as hereinbefore provided, whether such mortgage, or trust deed, or other lien, shall have been created by the husband alone, or together with his wife; and all pretended sales of the homestead involving any condition of defeasance shall be void."

The undisputed evidence is that, for more than two years prior to the execution of this deed of trust and at all times since its execution, appellees with their children have lived upon this property as a homestead. The undisputed evidence also shows that the property on Jones street, designated in the deed of trust as their homestead, was never lived upon by appellees and was never in fact their homestead. Under the plain mandatory terms of the Constitution, this pretended lien is void and never had any existence in fact.

■■ The fact that the lien is void is not necessarily conclusive of appellant's right under this appeal. Appellant contends that appellees have estopped themselves, under the facts of this case, from pleading and proving that the property in question was actually their homestead at the time of the attempted creation of the lien. If this contention should be sustained, then appellant should have had a judgment of foreclosure. Estoppel by reason of these statements, both in favor of the lender and in favor of appellant, the lender's assignee, is well pleaded by appellant in a supplemental petition in answer to appellee's homestead plea. It has been frequently declared by our Supreme Court, that, where homestead property, attempted to be encumbered with a deed of trust lien for a purpose not permitted by the Constitution, is actually in use for homestead purposes at the time of the attempted incumbrance, neither the contrary declarations of the husband or wife, or both, can change its character and make the homestead subject to the attempted lien. Medlenka v. Downing, 59 Tex. 40; Texas Land & Loan Co. v. Blalock et al., 76 Tex. 85, 13 S. W. 12, 13; Bayless v. Guthrie et al. (Tex. Com. App.) 235 S. W. 843. Under these

560

decisions, it was the duty of the Federal Mortgage Company, and also of appellant, to see if the representations of appellees, as to the location of their homestead, were in conformity to the physical facts. Chief Justice Stayton, in the case of Texas Land & Loan Co. v. Blalock, supra, declares: "The fact of actual possession and use, as the home of the family, was one against which the lender could not shut its eyes. * * * Every person dealing with land must take notice of an actual, open, and exclusive possession; and when this, concurring with interest in the possessor, makes it homestead, the lender stands charged with notice of that fact, it matters not what declarations to the contrary the borrower may make." As appellees were living on this property at the time the pretended lien was executed, and were in the exclusive possession of same, both the Federal Mortgage Company, as the original lender, and appellant, as such lender's assignee, were charged by law with notice of the fact that this property was in use by appellees as homestead property, and that the pretended lien is void because forbidden by the Constitution.

Appellant being charged with law of the physical fact of the occupancy of the property in question by appellees, at the time the lien it seeks to enforce was created, and at the time it took the assignment of the debt and lease from the Federal Mortgage Company, cannot rely on the untrue representations made by appellees in the deed of trust and in the homestead designation, so as to create against appellees an estoppel to prove the actual facts in respect to their homestead. This principle is clearly announced in Texas Land & Loan Co. v. Blalock, supra, in the following language:

"The constitution forbidding the fixing on the homestead of liens other than such as are thereby expressly permitted, no estoppel can arise in favor of a lender, who has attempted to secure a lien on homestead in actual use and possession of the family, based on declarations of the husband and wife, made orally or in writing, contrary to the fact. To hold otherwise would practically abrogate the constitution."

The facts in the instant case to support an estoppel are no more cogent than the facts in the reported case, from which quotations have been made; in fact, the learned Chief Justice states in such opinion that: "There is no doubt that the application for the loan, and the recitals and declarations in the trust-deed, that the property was not homestead, went as far as words could go to assure the lender that it might safely lend its money without fear that lien would be defeated by the existence of homestead rights. * * *"

The case of Texas Land & Loan Co. v. Blalock, supra, has never been overruled, but has often been adhered to, and it announces the

law in this state on the questions here under review. Some of the cases citing it with approval on this question are: Lybrand v. Fuller, 30 Tex. Civ. App. 116, 69 S. W. 1005, 1008; Building, etc., Ass'n v. Guillemet, 15 Tex. Civ. App. 649, 40 S. W. 225, 227; Haswell v. Forbes, 8 Tex. Civ. App. 82, 27 S. W. 566, 568; Moerlein v. Scottish, etc., Investment Co., 9 Tex. Civ. App. 415, 29 S. W. 162, 165, 948; Western Mortgage, etc., Co. v. Burford (C. C.) 67 F. 860, 868; McGaughey v. American Nat. Bank, 41 Tex. Civ. App. 191, 92 S. W. 1003, 1009; Delaney v. Walker, 34 Tex. Civ. App. 617, 79 S. W. 601, 602; Hawes v. Parrish, 16 Tex. Civ. App. 497, 41 S. W. 132, 134; Freeman v. Hamblin, 1 Tex. Civ. App. 157, 21 S. W. 1019, 1020; Parrish v. Hawes, 95 Tex. 191, 66 S. W. 209; Bayless v. Guthrie (Tex. Com. App.) 235 S. W. 843; Hines v. Nelson (Tex. Civ. App.) 24 S. W. 541.

Appellant cites as authority on this question a number of cases in which there was an absolute deed of conveyance of the homestead placed of record, which deed of conveyance created a vendor's lien against the property conveyed and in which cases it is held that the grantors were estopped to plead that such conveyance, though in form a deed, was in fact only a mortgage to secure the money represented by the vendor's lien. In these cases it is held that although there was a secret agreement between the grantors and grantee that the conveyance of grantors' homestead was made only to secure borrowed money and that the conveyance was, in effect, only a mortgage, nevertheless the grantors were estopped to plead such secret agreement as against an owner of the vendor's lien, without notice of such secret agreement, and that the mere fact that the grantors remained in possession after the conveyance was not notice to such innocent holder that the deed was otherwise than it purported to be. The distinction between such a case and the case at bar is that the sale of the homestead is not forbidden by law, and the fact that the grantors remained in possession of the premises after such sale is not inconsistent with the fact that the grantee in such sale is, as he is shown to be by the record, the actual owner of the land; while in the instant case, the possession and residence of the parties on the property at the time of the execution of the deed of trust is inconsistent with the fact that the property is not their actual homestead. Again appealing to the case of Texas Land & Loan Co. v. Blalock, supra, Judge Stayton disposes of this question in the following language:

"It has been held that one remaining in possession of land, after having executed and permitted to be placed on record an absolute conveyance, could not rely upon his possession as notice of a secret agreement that the absolute conveyance, as between the parties to it, was only intended as a mortgage, and

thus defeat the right of a subsequent innocent purchaser. That, however, is not this case. Here nothing was hidden. Possession was open, certain, and in character in no respect ambiguous. It was such as gave homestead right, and the lender cannot be heard to say that it did not know it. * * * If property be homestead in fact and law, lenders must understand that liens cannot be fixed upon it, and that declarations of husband and wife to the contrary, however made, must not be relied upon. They must further understand that no designation of homestead, contrary to the fact, will enable parties to evade the law, and incumber homesteads with liens forbidden by the constitution. Mortgage Co. v. Norton, 71 Tex. 683, 10 S. W. 301; Pellat v. Decker, 72 Tex. 581, 10 S. W. 696; Kempner v. Comer, 73 Tex. 203, 11 S. W. 194."

We therefore hold that the attempted lien on appellees' homestead is void, and that, under the facts of this case, appellees are not estopped to plead and prove that the property in question was their homestead.

██ Appellant raises a question as to the admission of evidence over its objection. Mrs. Jeffries was permitted to say by deposition, in response to an interrogatory by her attorney, that she claimed the Cherry street property as her homestead; and in response to another interrogatory, that she had claimed the property as her homestead since the family had moved there in 1925. To each of these interrogatories, as shown by a bill of exception reserved to each, appellant timely interposed the objection that "said interrogatory called for a conclusion on the part of the witness." The objection, in each instance, was overruled and the witness permitted to answer. The interrogatory was not subject to the objection made, that it called for a conclusion of the witness, because each interrogatory called for the statement of a fact. If the interrogatory had been as to whether the property was her homestead, then it might have been subject to such objection. In its assignment of error and its proposition under such assignment, appellant does not state the objection made in its two bills of exceptions, but impliedly states that the objection was that a married woman is not competent to testify over objections of adverse party, in a suit against her and her husband affecting property claimed to be homestead property, as to what property is claimed by her as her homestead. No such objection was urged and, of course, cannot be considered on this appeal. The assignment of error in respect to the admission of this evidence is overruled.

Finding no reversible error, we are of opinion that the judgment of the trial court must be affirmed.

Affirmed.