**FIRST NAT. BANK OF HARLINGEN v. FARRIER et al.**

No. 3185.

Court of Civil Appeals of Texas. Beaumont.

Jan. 27, 1938.

Myrick & Johnson, of Harlingen, for appellant.

Carter & Stiernberg, of Harlingen, for appellees.

O'QUINN, Justice.

Appellant sued appellees, William Farrier, John Morris, Jr., and his wife, Mrs. Annie Farrier Morris, in trespass to try title to lots 7 and 8, block 3, Castle Court addition to the city of Harlingen, Tex., and in the alternative to recover on five promissory vendor lien notes, each in the sum of $1,000, dated August 13, 1934, executed by William Farrier, payable to the order of appellant, First National Bank of Harlingen, Tex., due on July 1, 1935, 1936, 1937, 1938, and 1939, respectively, and to foreclose the vendor's lien. It alleged that appellees John Morris, Jr., and Annie Farrier Morris, were setting up "some sort of right to possession to said property."

Appellee William Farrier answered by general demurrer, general denial, and plea of not guilty, and specially that there was no consideration for his execution and de-

livery of the notes in question, in that they were executed in a simulated transaction between appellant and appellees, the Morrises, said property being the homestead of John Morris, Jr., and Annie Farrier Morris, the purpose of said transaction being to place a mortgage on said homestead, which was void, and adopted the answer of the Morris defendants.

Appellees, John Morris, Jr., and Annie Farrier Morris, answered by general demurrer, general denial, plea of not guilty, and specially, that the property in question, at and prior to the time of the execution of the deed by reason of which appellant claims it had title to the lots in controversy, was their homestead; that on the date of the execution of the deed, August 7, 1934, John Morris, Jr., Inc., was indebted to appellant bank in the sum of $5,000 and at the request of an officer of the bank they attempted to place a lien on their homestead property for the purpose of securing the payment of said debt by a simulated sale to the bank, the deed on its face appearing to convey absolute title, but that same was executed by appellees, the Morrises, with the understanding that it was only to secure the debt owed by John Morris, Jr., Inc., that the bank would deed the property to appellee William Farrier, brother of Annie Farrier Morris, and that he, Farrier, would deed the property back to them; that the deed dated August 7, 1934 from them to the bank conveying the property was not intended to convey title to the property, but was a simulated sale to secure the debt of John Morris, Jr., Inc., to the bank, and so was void; that there was no consideration for the execution of the deed from the bank to William Farrier, and none for the execution of the vendor lien notes by Farrier to the bank, it not being intended that he should pay said notes, or that he should own the title to said property, but that said notes were merely evidentiary of the indebtedness owing by John Morris, Jr., Inc., to the bank, said Farrier to reconvey said property to Annie Farrier Morris, the same at all times having been her separate property.

Appellant by supplemental petition replied to the answer of the Morrises denying that the sale of the property was simulated or intended as a mortgage to secure the debt mentioned, but that said sale was an absolute sale conveying to it full title to the property, and that said defendants were estopped to deny same because on the 11th day of August, 1934, said defendants, Morris and wife, executed an affidavit and delivered same to appellant declaring the sale of the property to it was an absolute conveyance without restrictions of any kind, and they were estopped from so claiming; that at the request of said defendants, on August 13, 1934, it by deed conveyed the property to William Farrier for a consideration of $5,000, evidenced by the vendor lien notes in question, and that all defendants were estopped from asserting there was no consideration for its deed to Farrier—and, in effect, from asserting that the consideration for the vendor lien notes executed by Farrier had failed. It further answered that Farrier by accepting the deed from it to him, and by executing the notes, was estopped from denying the validity of the deed and the notes.

The case was tried to a jury upon one special issue, in answer to which they found that the deed from appellees, John Morris, Jr., and his wife, Annie Farrier Morris, to appellant bank, was not intended to convey title to the property involved to the bank, but was intended as a mortgage to secure the debt of John Morris, Jr., Inc. Judgment was accordingly entered in favor of John Morris, Jr., and Annie Farrier Morris, awarding to them the title and possession of the property involved, and canceling the deeds to the bank and to Farrier and the notes given by Farrier to the bank and the deed of trust to secure the payment of said notes, as clouds on the title of Annie Farrier Morris to said property as their homestead against any right, title, claim, or interest, asserted by appellant.

Motion for a new trial was overruled, and the case is before us for review.

■ We overrule appellant's assignments that the court erred in refusing to instruct a verdict for it, and in refusing to set aside the jury's finding that the deed from John Morris, Jr., and Annie Farrier Morris, to appellant, conveying to it the property involved, was a mortgage. The question whether the deed was intended as an absolute conveyance of the property, or a mortgage to secure a debt to the bank, was one of fact for the jury, and upon the evidence was found against appellant. The evidence disclosed by the record abundantly supports this finding. In fact we think the evidence offered by appellant is sufficient to warrant the conclusion that the deed to the bank was for the purpose only of securing the appellant of the debt owed to the bank.

■ But appellant insists that the affidavit executed by Morris and his wife on August 11, 1934, declaring that the deed of August 7, 1934, conveying the property to appellant was an unconditional and unqualified conveyance of the property in fee simple to appellant, and that no agreement express or implied was had to the effect that appellant would reconvey the property to appellees, and that "said conveyance was not made for the purpose of creating or attempting to create a lien on said property but was made for the purpose and considerations set forth in the deed," estopped appellees from asserting that the deed was but a mortgage on the home to secure a payment of an indebtedness owing to the bank. This contention is without merit. It is undisputed that the property in question, at the time the deed was made by John Morris, Jr., and his wife, Annie Farrier Morris, was their homestead and they were occupying same as such. Appellant knew this fact.

In American Exchange Nat. Bank v. Jeffries, Tex.Civ.App., 36 S.W.2d 558, 559, a case involving similar facts to the instant case, it was said: "It has been frequently declared by our Supreme Court, that, where homestead property, attempted to be encumbered with a deed of trust lien for a purpose not permitted by the Constitution, is actually in use for homestead purposes at the time of the attempted incumbrance, neither the contrary declarations of the husband or wife, or both, can change its character and make the homestead subject to the attempted lien."

In Texas L. & L. Co. v. Blalock, 76 Tex. 85, 89, 13 S.W. 12, 13, Judge Stayton said: "If property be homestead in fact and law, lenders must understand that liens cannot be fixed upon it, and that declarations of husband and wife to the contrary, however made, must not be relied upon. They must further understand that no designation of homestead, contrary to the fact, will enable parties to evade the law, and incumber homesteads with liens forbidden by the constitution."

Numerous decisions affirming the rule could be cited.

■ And, too, the affidavit urged by appellant has no force in determining the question of homestead rights in the property, because being contrary to the facts as they existed at the time the deed was made to appellant, it was made after the execution of the deed, and the rule is well settled that the facts existing at the very time when the lien was attempted to be given are determinative of the issue. 22 Tex.Jur., Homesteads, § 103, pages 147–8.

■ Among other decisions cited us by appellant as sustaining its contention that the deed from appellees to it was absolute and conveyed to it full title to the property, is L. Simpson Lumber Co. v. Craig, Tex. Civ.App., 84 S.W.2d 882. Under the facts, we do not think the decision is applicable. There the home owners actually sold their homestead to a third party and took a vendor's lien note in part payment, and afterwards pledged the note as security for the extension of a loan on other property. There is no law against the pledging of the proceeds of a home which has bona fide been sold. Here there was no sale to a third party and the proceeds of the sale pledged to appellant. The conveyance was made direct to appellant when the owners were actually occupying the property as their home within the knowledge of appellant. The issue of simulated sale for the purpose of fixing a lien on the home was pleaded, and under the evidence found in favor of appellees. No such issue in the Craig Case.

■ We overrule appellant's assignment that the court erred in refusing appellant judgment against William Farrier on the five $1,000 notes executed by him to appellant recited as a consideration for the deed from appellant to him conveying the involved property. John Morris, Jr., Inc., owed appellant that sum and more. It could not pay the debt. The evidence shows that an agreement was made by appellant with Morris and his wife, that they would convey to appellant their home and then appellant would convey the property to William Farrier, a brother of Mrs. Morris, and he would convey the place back to Mrs. Morris, it being her separate property. Morris and wife executed the deed to appellant, it then conveyed the property to William Farrier, and he accepted the deed and executed the notes in question at the request of appellant, and at the request of Mrs. Morris. Farrier had no knowledge of the arrangement until he was requested to accept the deed and execute the notes. He at no time proposed to buy the property. He was not a bona fide purchaser of the property, but was acting for the accommodation of the parties, appellant and the Morrises, in carrying out the scheme to

the securing of the debt owed the appellant by John Morris, Jr., Inc. It is well settled that one who signs an obligation for the accommodation of another cannot be held liable to the accommodated party on the obligation. Furthermore, the title to the property in appellant having failed, it had no title to convey to Farrier, and so he got no title to the property, and the notes executed by him in consideration for title to the land were without consideration.

From what we have said it follows that the judgment should be affirmed, and it is so ordered.

Affirmed.