## HAMSHIRE v. DE VILLENEUVE et al.
### No. 3591.

Court of Civil Appeals of Texas. Beaumont.

Dec. 30, 1939.

H. P. Barry and W. H. Davidson, both of Beaumont, for appellant.

LeRoy McCall, of Beaumont, for appellees.

WALKER, Chief Justice.

This was an action by Asa Hamshire, appellant, against Andrew H. De Villeneuve on a promissory note and, by the eighth paragraph of his petition, to foreclose the mortgage lien executed by Andrew H. De Villeneuve to secure the payment of the note, on the following described property: "A part of the David Brown League and more particularly described as follows: Beginning at the intersection of the north line of De Villineuve St., with the east line of Irving Avenue for S. W. corner; thence east 112 feet, more or less to the H. M. Harvey Southwest corner; thence north 66½₀ feet parallel with Irving Avenue; thence west 112 feet, more or less, parallel with the north line of De Villeneuve Street, a stake for corner; thence south 66½₀ feet along the west line of Irving Avenue to the place of beginning."

Andrew H. De Villeneuve answered, claiming the mortgaged property as his homestead; he also joined his wife in her intervention whereby she claimed the property as her homestead. The trial was to a jury. On the undisputed evidence, judgment was entered in favor of appellant against A. H. De Villeneuve for the amount of the note, but judgment was in favor of Andrew H. De Villeneuve and his wife, holding the mortgage void as against the property described in the eighth paragraph of appellant's petition, on the jury's affirmative answer to the following question: "Do

you find from a preponderance of the evidence that A. H. De Villeneuve and family were using and actually residing upon the property involved in this law suit as a home exclusive of all other property, on June 3, 1930?"

Appellant has duly prosecuted his appeal to this court. He makes no point that the jury's answer to the special issue submitted was without support in the evidence or against the great weight and preponderance of the evidence. He presents his appeal upon the refusal of the court to submit the following special issues, duly requested by him:

(a) "Do you find from the preponderance of the evidence that A. H. De Villeneuve and family were living or camping at 142 De Villeneuve Street at the time this loan was made on June 3, 1930? Answer 'Yes' or 'No'."

(b) "Do you find from the preponderance of the evidence that H. P. Barry, as attorney and representative for plaintiff herein, inspected the property at 142 De Villeneuve Street, Beaumont, Texas, before this loan was concluded? Answer 'Yes' or 'No'."

(c) "Do you find from the preponderance of the evidence that the defendant A. H. De Villeneuve told or directed H. P. Barry as representative of the plaintiff herein, that the said A. H. De Villeneuve and family had moved to 142 De Villeneuve Street prior to the making of this loan? Answer 'Yes' or 'No'."

(d) "Do you find from the preponderance of the evidence that H. P. Barry when he inspected the property at 142 De Villeneuve Street, if he did, found evidence that the same was occupied and used as a home? Answer 'Yes' or 'No'."

(e) "Do you find from the preponderance of the evidence that what Mr. Barry found by his inspection of 142 De Villeneuve Street was consistent with whatever A. H. De Villeneuve had previously told him about the same? Answer 'Yes' or 'No'."

■ The deed of trust covered the property described in the eighth paragraph of appellant's petition, and designated the property at 142 De Villeneuve Street as the homestead of appellees. The special issues

(b), (c), (d), and (e), requested by appellant, were raised by the evidence, but the court did not err in refusing to submit them. The evidence raised the issue that at the time the deed of trust was executed appellees were in possession of the property described in the deed of trust, claiming it as their homestead, and that issue was found in their favor by the jury. Appellant could not shut his eyes against the actual occupancy of appellees. Texas Land & Loan Co. v. Blalock, 76 Tex. 85, 13 S.W. 12. Issues Nos. (b), (c), (d), and (e) were merely evidentiary, and had they been submitted they would not have been controlling in appellant's favor.

■ Under the undisputed evidence, the property covered by the deed of trust had been the homestead of appellees for at least seven years prior to the execution of the deed of trust, and under the undisputed evidence it was their homestead at the time this case was tried. De Villeneuve and his wife testified that the property was continuously their homestead from the date it was first occupied by them, more than seven years before the execution of the deed of trust. Special issue No. (a) was requested on the theory that, at the time the deed of trust was executed, appellees were living in or camping at 142 De Villeneuve Street. Under the evidence, if appellees were camping at 142 De Villeneuve Street, it was only a temporary camping; the evidence was that at one time they slept in that house for a few nights to save their insurance. There was no testimony that appellees ever abandoned as their homestead the property described in the deed of trust. There was no evidence that Mrs. De Villeneuve was a party to the representation made by her husband that 142 De Villeneuve Street was their home, and appellant requested no issue that she was a party to any such representation. So, had special issue No. (a) been submitted to the jury and had it been answered in appellant's favor, it would not have controlled the judgment.

It follows that the court did not err in refusing to submit the five issues requested by appellant, and, therefore, the judgment of the lower court should in all things be affirmed, and it is so ordered.

Affirmed.