## A. B. FRANK v. PETER ZIGMOND.

Decided November 29, 1899..

1. **Trespass to Try Title—Costs.**

Where the defendant in trespass to try title files a general denial and does not disclaim as to any of the land sued for, he is properly taxed with all costs, although the judgment is in his favor for a part of the land which is claimed by him as a homestead.

.2. **Homestead—Deed of Trust—Mistake.**

Where defendant executed a deed of trust on certain lands under an agreement that his homestead of 200 acres was not to be included, but through fraud or mistake and without his knowledge it was included, a judgment in his favor for the homestead tract was warranted by proof of such facts.

APPEAL from Bexar. Tried below before Hon. J. L. CAMP.

*A. Lewy,* for appellant.

*C. S. Robinson,* for appellee.

NEILL, ASSOCIATE JUSTICE.—This suit was brought by appellant against the appellee in the ordinary form of an action of trespass to try title to recover possession of certain tracts of land, among which was one known as the Hoyt survey.

The appellee answered by a general denial, and specially that before and at the time the deed of trust was executed under which appellant claims the land, it was understood and agreed between him and appellant who acted for himself and Lavenburg, that his homestead of 200 acres on the west side of the Hoyt tract should not be included in the deed of trust, and that it was embraced in the deed of trust through fraud or mistake, without appellee's knowledge at the time the deed was executed.

The appellant filed exceptions to appellee's special answer, which were overruled by the court. The appellee Zigmond's wife intervened in the case, and also set up a homestead interest in 200 acres out of the west side of the Hoyt survey. Her petition in intervention set up other matters which, as they were not considered upon the trial, are not necessary to mention.

The court overruled the special exceptions of appellant to appellee's petition. The case was tried before a jury, and the trial resulted in a judgment in favor of appellee for all the land in controversy save 200 acres off of the west side of the Hoyt survey which was adjudged in favor of appellee as his homestead. All costs were adjudged against the appellee. From that part of the judgment in favor of appellee the appellant has appealed, and the appellee, as to the judgment against him for costs, has filed a cross-assignment of error.

The court did not err in not sustaining appellant's special exceptions to appellee's special answer setting up a homestead in the premises, nor

in refusing appellant's special charges; nor in overruling his motion for a new trial; nor did it err, the appellee having filed a general denial and not having disclaimed as to any of the land, in adjudging all the costs against appellee.

The land in controversy is claimed by the appellant by virtue of a sale made under a deed of trust executed by the appellee to one Lavenburg to secure the payment of $5000 loaned by the latter to appellee. The deed of trust recites that $3755 of the money it was given to secure was used in taking up certain vendor's lien notes made by Zigmond to one Lannon to secure the purchase money of a part of the land in controversy known as the Hoyt survey, and contained an express agreement on the part of Zigmond that Lavenburg or his assigns should be subrogated to all the rights of Lannon in respect to the vendor's lien on said land. In making the loan which the deed of trust was given to secure, the appellant, A. B. Frank, acted throughout the entire transaction as the agent of Lavenburg, and was made the trustee in that instrument. The recitation in the deed of trust to the effect that $3755 of the money it was given to secure was used in taking up certain vendor's lien notes made by appellee to Lannon, is true, as shown by the evidence adduced on the trial.

At the time the loan secured by the deed of trust was negotiated and made, and prior thereto, the appellee was the head of a family, and resided with his family on the 200 acres awarded him by the judgment as his homestead, and has continued to reside upon said premises with his family, and claimed the same as his homestead ever since.

Upon the trial it was admitted in open court by the appellant that the appellee was entitled to a homestead of 200 acres, to be taken out of the land in controversy, but he denied that the homestead was to be taken out of the Hoyt survey. Such admission being made, the court submitted the following issues to the jury: "1. Was it the understanding and agreement between the parties at the time of the execution of the deed of trust by defendant Zigmond to Lavenburg that defendant should reserve the homestead on the Hoyt survey, and that the same should not be included in said deed of trust? 2. Was it understood and agreed by and between the parties at the time of the execution of said deed of trust that the money loaned and advanced by Lavenburg to defendant to take up the vendor's lien notes on the Hoyt survey that Lavenburg was to be subrogated to the lien of Lannon on said land, including the 200 acres upon which defendant was residing and now claims his homestead?" To the first the jury by their verdict answered "yes," and to the second "no."

The verdict of the jury determines the only issues made by the pleadings and evidence in appellee's favor, and in our opinion the evidence was sufficient to sustain the verdict.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.