WATKINS LAND MORTGAGE COMPANY v. CHARLES TEMPLE ET AL.

Decided May 15, 1909.

**1.—Homestead—Mortgage—Estoppel.**

While our Constitution prohibits mortgaging the homestead, and requires parties dealing with the homestead to take notice of the conditions that impress it with that character, still, where the borrower owns more than one tract, and part of it is not in the actual use of the owner and is not used openly and notoriously in connection with his home for the comfort and convenience of his family, and a mortgagee has no notice of its homestead character, if any, and is not put upon enquiry, then the owner making representations that the same is not the homestead, would be estopped from claiming it as such.

**2.—Same.**

Where a party owns several tracts of land adjoining, and he wishes to select his homestead of 200 acres out of said tracts, said tracts should be considered as one and the lines marking the division of the different tracts should have no controlling effect. He has the right to select one or more, or parts of several tracts, not to embrace more than 200 acres, and to exclude such parts of the different tracts not so selected, as he desires. When the parts combined embrace more than 200 acres and he has impressed the homestead character upon parts of different tracts, then his dwelling, outhouses, garden, etc. must be included

Vol. LVI Civil—5.

in his homestead, and the excess of 200 acres may be mortgaged by him, and if such excess is designated by him as not his homestead and he encumbers it, h'e will be estopped from afterwards claiming it as such.

**3.—Same.**

In a suit of trespass to try title, wherein the plaintiff claimed the land in controversy under a mortgage and foreclosure sale, and the defendant claimed that the land was homestead at the date of the mortgage and therefore the mortgage and sale thereunder were void, evidence considered, and held to raise such a question of fact as to the homestead character of the land as to require the submission of the issue to the jury.

Appeal from the District Court of Kaufman County. Tried below before Hon. F. L. Hawkins.

*G. G. Shaw* and *Gossett, Terry & Brown,* for appellant.

*Huffmaster & Huffmaster,* for appellees.

RAINEY, CHIEF JUSTICE.—This is an action of trespass to try title instituted by appellant to recover of appellees 130 acres of land in Kaufman County, claiming it under a foreclosure of a mortgage executed by appellees.

Appellees claim the mortgage to be void upon the ground that at the time of its execution the said land was their homestead, they occupying and using it as such at the time. Appellant replied that at the time appellees owned more than 600 acres adjoining, so using it all as to impress it with homestead character. That at the time of the execution of said mortgage appellees designated 200 acres of said land, not including the land in controversy, as their homestead, and represented that said 130 acres was no part of their homestead, and appellees were thereby estopped from now claiming said 130 acres as their homestead.

A trial was had, and the court instructed a verdict for the appellees, upon the return of which a judgment was rendered accordingly, and the case is here for review.

The following map shows the land owned by appellees at the date the mortgage was executed in January, 1889: '

On the 70 acres Baugh survey, Temple had his residence, and immediately adjoining was the 130 acres, Brown survey, the tract in controversy, on the northern part of which were some improvements which Temple had placed thereon, and were used by Temple and wife as a part of their homestead. Of this tract 61 acres of the north part would embrace the improvements thereon, and were such as to give notice that it was used for homestead purposes. The balance or lower portion, 69 acres, while being used by Temple for pasturing his stock, was not improved, but was heavily timbered, and in view of the evidence it was a question for the jury to determine whether or not said 69 acres was so used as to stamp it as a part of the homestead.

Temple and wife had secured a loan of $2,000 from appellant, giving a mortgage on 420 acres of land, including the 130 acres in controversy, Temple and wife making affidavits that the 130 acres was not a part of their homestead. Temple testified that he did not in-

50 ACRES

69.9 ACRES
BAUGH
&
NETHERLANDS.

70 ACRES
BAUGH SURVEY.
TEMPLE DWELLING.

90 ACRES

BAUGH & NETHERLANDS.

130 ACRES IN CONTROVERSY,

KNOWN AS
WILKINSON TRACT.

R.O. BROWN SURVEY.

200 ACRES

"OLD MOORE"
HOME PLACE.

R.O. BROWN SURVEY.

tend the 130 acres to be included in the mortgage, and so told Mr. Jack, the party who negotiated the loan, and told him it was his homestead and he would not include it. Mr. Jack, who represented the appellant, says that before the loan was made he and Temple walked around over the land and Temple pointed out the 130 acres as a part of the land on which he wanted the loan, and claimed no part of it as his homestead. That Temple claimed his homestead to be on the Baugh and Netherland surveys. That after the sale under the mortgage he talked with Temple about this 130 acres and the use he was making of it, and Temple admitted that appellant owned same and he was holding the same subject to Watkins' will, but asked permission of him as agent of Watkins to use the land because of some improvements or clearing he had done on the land, and he agreed for Temple to use it awhile. That the entire 420 acres was rented as one body of land to other tenants, and they made no objection to the use made of the land by Temple. That he never heard of the claim of Temple that the land was his homestead until a short time prior to this suit.

There was testimony tending to show that Temple had in cultivation 25 or 30 acres of the 69 9-10 acres, Baugh and Netherlands tracts, on which he had built a small house—cultivated it one year, built a bridge across the creek that separated this tract from the 70 acres on which his dwelling was, and had connected the fences on the two tracts. At the date of the mortgage he had the said 25 or 30 acres rented out to a tenant.

From the evidence we conclude that the court erred in giving a peremptory instruction to find for the defendants, and in not leaving for the jury to determine what part of the land constituted the homestead, especially so as to the part of the 130 acres on which there was no improvements and the use of which was not open and visible to a prudent inquirer seeking the facts.

We are aware that our Constitution prohibits the mortgaging of a homestead, and parties dealing with a homestead must take notice of the conditions that impress it with the homestead character. In Loan Co. v. Blalock, 76 Texas, 85, it is said: "Every person dealing with land must take notice of the actual, open and exclusive possession, and when this, concurring with interest in the possession, makes it homestead, the lender stands charged with notice of that fact, it matters not what declarations to the contrary the borrower may make." But on the other hand, where the borrower owns more than one tract, and part of it is not in the actual use of the owner and is not used openly and notoriously in connection with his home for the comfort and convenience of his family, and the mortgagee has no notice of its homestead character, if any, and is not put upon inquiry, then the owner making such representations would be estopped from claiming it as a homestead. (Mortgage Co. v. Morton, 71 Texas, 683; Haswell v. Forbes, 8 Texas Civ. App., 82.)

Where a party owns several tracts of land adjoining and he wishes to select his homestead of 200 acres out of said tracts, said tracts should be considered as one, and the lines marking the division of the different tracts should have no controlling effect. He has the right to select one or more, or parts of several tracts, not to embrace more

than 200 acres, and to exclude such parts of the different tracts not so selected as he desires. When the tracts combined embrace more than 200 acres and he has impressed the homestead character upon parts of different tracts, then his dwelling, outhouses, garden, etc., must be included in his homestead, and the excess of 200 acres may be mortgaged by him, and if such excess is designated by him as not his homestead and he incumbers it, he will be estopped from afterwards claiming it as homestead.

So in this case, if a part of the 130 acres in this controversy was improved and actually used in connection with the home so openly and notoriously as to be excluded by law from mortgage, and the remainder was not so impressed and used, and Temple declared it not to be a part of his homestead, and the appellant loaned his money upon the faith thereof, then such part became subject to said mortgage.

We are of opinion that the case should have been submitted to the jury, and for the failure to do so the judgment is reversed and cause remanded.

*Reversed and remanded.*