WATKINS LAND CO. v. TEMPLE et al.

(Court of Civil Appeals of Texas. March 4, 1911.)

1. HOMESTEAD (§ 115*) — MORTGAGE—SELECTION OF HOMESTEAD.
The head of a family owning more than 200 acres of land impressed with the homestead character may designate what 200 acres thereof constitutes the homestead, and mortgage the balance; provided that this is done in good faith, and not for the purpose of avoiding the law prohibiting the mortgaging of the homestead, and that the part so designated includes the dwelling and appurtenances thereto.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 183–190; Dec. Dig. § 115.*]

2. TRIAL (§ 203*)—INSTRUCTIONS PRESENTING ISSUES.
There being evidence on issues, special charges covering them, being asked, should be given.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 477–479; Dec. Dig. § 203.*]

Appeal from District Court, Kaufman County; J. S. Woods, Special Judge.

Action by the Watkins Land Company against Charles Temple and another. Judgment for defendants. Plaintiff appeals. Reversed and remanded.

See, also, 119 S. W. 728.

Geo. G. Shaw and Gossett, Terry & Brown, for appellant. Huffmaster & Huffmaster, for appellees.

RAINEY, C. J. This litigation involves the legal ownership of 73 acres of land claim-

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

ed by Charles and Ann Temple as part of their homestead. Several years ago they owned several tracts, as shown by the following plat:

50 Acres
MITCHELL TRACT
ON
NETHERLAND SURVEY

69 9/10 Acres
BOUGHT FROM LONG
BAUGH & NETHERLAND
SURVEY

70 ACRES
BAUGH SURVEY
TEMPLE'S DWELLING

90 Acres
BAUGH & NETHERLAND
SURVEY

61 ACRES
R.O. BROWN SURVEY

73 ACRES
IN CONTROVERSY

200 ACRES
OLD MOORE HOME PLACE
ON
R.O. BROWN SURVEY

They borrowed money from appellant, and to secure same mortgaged all but about 200 acres, which 200 acres they designated as their homestead, being the 70, 69, and 50 acre tracts. The 61 and 73 acres tracts designated on the plat were included in the mortgage; but the 61-acre tract has been eliminated from litigation by this suit. The mortgage was foreclosed, and appellant became the purchaser of the land mortgaged.

The head of a family owning more than 200 acres of land impressed with the homestead character may designate what part constitutes the homestead and mortgage the balance, provided this is done in good faith, and not done for the purpose of avoiding the law prohibiting the mortgaging of the homestead. The part so designated must include the dwelling and appurtenances thereto. McGaughey v. Bank, 41 Tex. Civ. App. 191, 92 S. W. 1003. No question is raised here but that Charles and Ann Temple designated what part of said land was their homestead; but the question arises: Was the 69.9 acres at the time of the designation so used and impressed as part of the homestead, and the 73 acres not so impressed as to make it a part of the homestead? This issue was raised by the evidence. A special charge was

asked by appellant, in effect, covering the issues; but the same was not presented by the court to the jury. In this the court erred.

The question of estoppel on the part of appellees was raised by the evidence.

If both the 69.9-acre and 73-acre tracts were used and impressed with the homestead character, and appellees designated the 69.9-acre tract as part of their homestead, they were estopped from claiming the 73-acre tract, and the court should have presented this issue to the jury. Parrish v. Hawes, 95 Tex. 185, 66 S. W. 209; Watkins Land Co. v. Temple, 119 S. W. 728; Haswell v. Forbes, 8 Tex. Civ. App. 82, 27 S. W. 566.

The judgment is reversed, and the cause remanded.