### BLOMGREN v. VAN ZANDT et ux.

#### No. 1846.

Court of Civil Appeals of Texas. Eastland.
March 3, 1939.

Barber & Barber, of Colorado, for appellant.

Thomas R. Smith, of Colorado, for appellees.

LESLIE, Chief Justice.

L. L. Blomgren, guardian of a non compos mentis, instituted this suit against G. W. Van Zandt and wife, Cora Van Zandt, to recover on a note payable to said ward and to foreclose a deed of trust lien on 80 acres of land securing the debt. In connection with other defenses, the defendants resisted foreclosure of the lien on the theory that the land was their homestead when the note and lien were given.

The trial was before the court without a jury and resulted in a judgment for the debt against the husband G. W. Van Zandt only and foreclosure of the lien was denied, sustaining the homestead plea. The

plaintiff appeals. The parties will be referred to as in the trial court.

There is no statement of facts in the record, but on request the learned trial court made clear and comprehensive findings of fact and conclusions of law.

A rural homestead is involved. The Van Zandts were married January 9, 1906, and on the 9th day of the following February they moved onto said 80 acres of land, establishing thereon their main residence and pertinent buildings and improvements in connection therewith. As found by the court, they have continuously occupied, used and cultivated said land as a homestead, rearing a family of four children, the two younger ones still at home with them.

This litigation grows out of the following additional facts: In 1909 the husband, G. W. Van Zandt, acquired 160 acres of land located one half mile west of the 80 acres. In 1923 he acquired a 200 acre tract of unimproved land one fourth mile south of said 80 acres. The southeast corner of the 160 acres and the northwest corner of the 200 acres are the same point. These acquired tracts were separately enclosed and neither of them touches the 80 acres.

February 14, 1927, the Van Zandts borrowed $1500 from plaintiff's ward, Mrs. Martha A. Crawford, and at that time executed therefor their note and secured same by said deed of trust on the 80 acres. In the deed of trust they stated that the 80 acres constituted no part of their homestead, but that the other two tracts (aggregating 360 acres) did constitute their homestead and that they were then occupying and claiming it as such. This indebtedness ran along and with accumulated interest, taxes, etc., amounted to $2160 and by agreement of the parties the indebtedness was extended by note for that amount dated November 20, 1933, and the same was secured by a deed of trust (February 8, 1934) on said 80 acres. This note and lien constitute the subject matter of this suit.

In seeking to uphold the validity of the lien, it is the contention of the plaintiff that since the defendants, on February 14, 1927 (date of lien), owned 440 acres of land and were using same as a homestead, G. W. Van Zandt, as the head of the family, could legally designate any 200 acres of the land as a homestead, provided he acted without fraud upon his wife, and that such designation would be valid and binding on both of them, and the excess over and above the 200 acres so designated could be legally mortgaged. As authority for this contention, the plaintiff cites Art. 3841, R.S.1925; Affleck v. Wangemann, 93 Tex. 351, 55 S.W. 312; Watkins Land Co. v. Temple, Tex.Civ.App., 135 S.W. 1063; Pickett v. Gleed, 39 Tex.Civ.App. 71, 86 S.W. 946, writ refused; Dodson v. Dickey et ux., Tex.Civ.App., 264 S.W. 586; Hanes v. Hanes, Tex.Com.App., 239 S.W. 190.

On the other hand, the defendants counter with the proposition that the instant case is to be distinguished from those relied upon by plaintiff in that in this case Van Zandts designated as non homestead land the 80 acre tract which they had for years continuously used and occupied as a homestead in fact; and at the same time attempted to designate as homestead 360 acres of land on no part of which they had ever resided, though they had used it to some extent in connection with the 80 acre homestead tract.

To establish the invalidity of the lien under the facts and circumstances of the case, the defendants rely for authority upon Art. 16 of the Constitution of Texas, § 51, Vernon's Ann.St.; Art. 3833, R.S.1925, and Texas Land & Loan Co. v. Blalock et al., 76 Tex. 85, 13 S.W. 12; Bayless v. Guthrie, Tex.Com.App., 235 S.W. 843; Davidson v. Jefferson, Tex.Civ.App., 68 S.W. 822, and many authorities following the leading case of Texas Land & Loan Co. v. Blalock, supra.

Some of the controlling findings by the trial court have already been indicated, and attention will now be directed to others. The 200 acre tract of land was unimproved in February, 1927, but under separate fence and during that year 110 acres thereof were put in cultivation. It will be remembered the deed of trust was executed February 14, 1927. As found, "G. W. Van Zandt has never at any time lived on or occupied as a home the 200 acre tract of land above described; that said 200 acre tract of land had no other improvements on it except being fenced and 110 acres in cultivation prior to 1934. That in 1934 defendant created a new three room house thereon." An additional finding: "I further find that G. W. Van Zandt has never at any time resided on the 160 acre tract, but during all the time he owned the same it was rented out to tenants, sometimes on

the third and fourth and sometimes on the halves; that the 160 acres * * had in 1927 as improvements on the same a three room house, lots and barns and some 60 acres in cultivation." That the 160 and 200 acre tracts were used by defendants "to graze their cows and work stock upon * * *."

The court's first finding with direct reference to the defendants' homestead claim is as follows: "I further find that G. W. Van Zandt and Cora Van Zandt are husband and wife and have lived together as such since prior to 1906 and are now living together as husband and wife, and have resided continuously on said 80 acres of land since 1906 and have lived at no other place than on the 80 acres of land; that they have reared a family on said land, which had a residence house of 3 rooms, most of which land has been in cultivation since 1906 * * *. That the 80 acre tract of land is in fact the homestead of G. W. Van Zandt and wife * * * and has been at all times without interruptions since 1906; that they * * * have reared a family thereon, two of the younger children still living with them on the 80 acre tract of land * * * that the 80 acre tract of land is improved with a three room house and has been continuously cultivated and used as a homestead by the defendants since 1906."

▆▆▆ These fact findings are binding upon this court and bring the case definitely within the rule announced by our Supreme Court in Texas Land & Loan Co. v. Blalock, supra, from which we quote as follows [76 Tex. 85, 13 S.W. 13]: "The fact of actual possession and use, as the home of the family, was one against which the lender could not shut its eyes; * * *. Every person dealing with land must take notice of an actual, open, and exclusive possession; and when this, concurring with interest in the possessor, makes it homestead, the lender stands charged with notice of that fact, it matters not what declarations to the contrary the borrower may make. * * * Here nothing was hidden. Possession was open, certain, and in character in no respect ambiguous. It was such as gave homestead right, and the lender cannot be heard to say that it did not know it. The constitution forbidding the fixing on the homestead of liens other than such as are thereby expressly permitted no estoppel can arise in favor of a lender, who has attempted to secure a lien on homestead in actual use and possession of the family, based on declarations of the husband and wife, made orally or in writing, contrary to the fact. To hold otherwise would practically abrogate the constitution. If property be homestead in fact and law, lenders must understand that liens cannot be fixed upon it, and that declarations of husband and wife to the contrary, however made, must not be relied upon. They must further understand that no designation of homestead, contrary to the fact, will enable parties to evade the law, and incumber homesteads with liens forbidden by the constitution." citing authorities.

In Bayless v. Guthrie, supra, the Blalock case was followed and reaffirmed, the court stating [235 S.W. 844]: "The Supreme Court * * * has repeatedly and most vigorously held that actual, open, and exclusive possession and use of certain property, owned by the possessors, as the home of the family, make it a homestead in fact and in law, and lenders of money must take notice thereof."

The above conclusions of our Supreme Court disclose the materiality of certain other conclusions of the trial court wherein it is stated that when the agent of the lender went upon said land to inspect it "G. W. Van Zandt and family were living in the house (on the 80 acres) on that day and that Mrs. Van Zandt was at home on the day of such inspection. * * * that at the time the loan was made in 1927, and at each time" the agent of the lender "looked over the lands and premises of defendants, that the 160 acre tract of land * * * was occupied by Mrs. Van Zandt's father, John Hargrove and family, who had said land rented on the halves for the year 1927, using defendants' teams and tools." We think there can be no doubt that the opinion in the Blalock case and others following it rule this case. We perceive no conflict in these authorities and those relied on by the plaintiff. There is a consistency in the ultimate conclusions of these different opinions.

In Affleck v. Wangemann, supra, Affleck, the husband, owned a 219 acre tract in actual, open and exclusive possession and use as a homestead, the family residing thereon. He owned a separate 39 acre tract which he designated as homestead along with 161 acres out of the 219 acre tract. His designation included the residence, improvements, etc. He then sold two small tracts off of the 219 acre tract, leaving 195

acres therein in one body and under one and the same enclosure. This 195 acre tract included the 161 acres designated as part of the homestead, as well as the 34 acre tract in controversy in that suit. As stated, these two tracts were under one fence, and the land owner had "occupied, used, cultivated and enjoyed the 34 acre tract in connection with the 161 acre tract, as part of the homestead" for many years. He borrowed $340 and gave as security therefor a mortgage on the 34 acre tract, disclaiming any homestead interest therein. In determining the right of Affleck to designate the 34 acre tract as part of his homestead and abandon any such claim or right to said 34 acre tract which had long been openly used and occupied by him for that purpose along with the 161 acres (or the 195 acres), the Supreme Court said [93 Tex. 351, 55 S.W. 313]: "But the statute did not authorize Affleck to change his homestead by abandoning a portion of it in actual use * * * and to substitute land never used, and wholly disconnected from the home of the family. Counsel argue that, because Affleck had the right to select the homestead out of the larger tract, his selection of the timberland, with the intention to use it in the future in connection with the homestead, would be a compliance with the law. But the law does not so provide. *It simply empowered him to separate his actual homestead, as exempted by law and as used by him and his family, from that portion of a tract or tracts used for like purposes, but in excess of what the law permits to be exempted.*" (Italics ours.)

Watkins Land Co. v. Temple, Tex.Civ. App., 135 S.W. 1063, 1064, involves very similar facts to those in the instant case and concerning the right of the head of the family to designate a 200 acre homestead, the court said: "The part so designated must include the dwelling and appurtenances thereto."

The same principle is reaffirmed in Dodson v. Dickey, supra. In discussing the right of the head of the family to designate the homestead, it was there held [264 S.W. 588]: "That right was subject only to the limitation that he could not fraudulently deprive his wife of a homestead; nor could he substitute for land actually used for homestead purposes other lands not so used", citing many authorities. It is unnecessary to devote further attention

to this line of authorities since the instant case is distinguishable on the facts from those cases.

While some of the uses made by the Van Zandts of the 160 acres, as well as the 200 acres, might be referable to homestead uses and are commonly present in such cases, nevertheless the trial court's findings and conclusions definitely clinch the 80 acres as specifically devoted to homestead uses through all the years from its acquisition until the present time. It would necessarily form the basis of any homestead. No doubt Van Zandt could have designated with it the additional complement of 120 acres from the other tracts and could have mortgaged the excess, but that is not what he did.

In the light of the foregoing authorities and the trial court's findings, it is apparent there is no estoppel in behalf of the plaintiff, either by reason of the mortgagors' declarations in the deed of trust, or on the ground of the lack of notice in the mortgagee. The homestead uses of the 80 acres were "actual, open, and exclusive." Texas Land & Loan Co. v. Blalock, supra. And on that phase, the trial court finds that the plaintiff was not misled by any concealed physical facts by the defendants, "but all physical facts in connection with the use and occupancy of all the above described land have at all times been open and visible."

The trial court also specifically finds that the agent of Mrs. Crawford in negotiating the loan "acted in good faith" and did not "withhold or conceal any information from her" concerning the loan. Of this there can be no doubt and the record suggests that the loan was possibly advanced upon a misapprehension of the law governing the designation of homestead and the right to mortgage the same. This is, however, immaterial in the consideration of the law points presented by this appeal.

Further, the money obtained and used by virtue of this loan when originally made was not applied so as to bring it within any of the exceptions permitting the mortgaging of homesteads for specific purposes and in definite ways as specified in Art. 16, § 50, of the Constitution of Texas, Vernon's Ann.St.

For the reasons assigned, the judgment of the trial court is affirmed.