**Otis EVANS et ux., Appellants,**

v.

**T. C. STEINER, Appellee.**

No. 12148.

Court of Civil Appeals of Texas, Austin.

June 12, 1974.

Arthur Mitchell, Austin, for appellants.

Ted Hollen, Austin, for appellee.

PHILLIPS, Chief Justice.

Appellants brought this suit in trespass to try title and for damages wherein they claimed title to two tracts of land in Bastrop County. The trial court granted appellee's motion for summary judgment and awarded appellants title to Tract 2 and part of Tract 1. Appellants then perfected their appeal to this Court. We reverse the judgment of the trial court and remand the case for trial on the merits.

Appellants' sole point of error, which we sustain, is that the trial court erred in entering summary judgment for appellee because he failed to demonstrate the absence of any genuine material issue of fact.

Appellee, T. C. Steiner (the record shows there to be a T. C. Steiner, Sr. and a T. C. Steiner, Jr., but it is not clear which is the appellee here), bases his title on a general warranty deed to him from National Finance Credit Corporation of Texas. Title in National Finance Credit Corporation was based upon an agreed judgment of January 24, 1972, entered into by appellants and National Finance Credit Corporation.

Appellants' claim to title to Tract 1 is based upon the fact that the tract has been their homestead for the past forty years, that the debt they incurred against the tract evidenced by the original deed of trust given by them to National Finance Credit Corporation was illegal and void because of the homestead nature of the property, and that the homestead acreage made a part of the legal description in the deed of trust was placed there by fraud or mistake and should never have been made a part of the mortgage.

Appellee contends that appellants filed a homestead designation prior to the above-mentioned deed of trust and agreed judgment wherein they designated property other than that involved in this suit as their homestead. Appellee then asserts that the trial court was correct in rendering summary judgment against appellants as a matter of law inasmuch as there were no disputed facts left for the court's determination. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929 (1952).

The summary judgment "evidence" before us consists of the pleadings, interrogatories propounded to appellant Otis Evans and answers to the interrogatories. In addition, the record contains the oral depositions of both T. C. Steiner Junior and Senior and the oral depositions of Otis Evans. Even so, the record is poorly developed and questions of fact remain unanswered.

In addition to the assertion by appellants that the acreage comprising their homestead was included in the deed of trust (and, consequently, the agreed judgment of foreclosure) by either fraud or mistake, appellants claim that their homestead in fact is the 99 acres in Tract 1 and 100 of the acres in Tract 2. The evidence is undisputed that appellants have lived on the 99-acre tract for forty years. This claim of appellants, if found to be fact, could establish a homestead in fact and in law to which a lender could not shut its eyes notwithstanding a declaration to the contrary made by the borrower. Texas Land and Loan Co. v. Blalock, 76 Tex. 85, 13 S.W. 12 (1890); Blomgren v. Van Zandt, 126 S.W.2d 506 (Tex.Civ.App. 1939, no writ). A subsequent purchaser of the land is likewise put on notice where he has the slightest knowledge of any pecu-

liarities. This is so even though the subsequent purchaser does not suspect fraud. Estoppel of Husband and Wife to Claim Constitutional Protection of Their Homestead, XXV Texas Law Review, p. 76, 1946, Burkhardt v. Lieberman, 138 Tex. 409, 159 S.W.2d 847 (1942).

■ Aside and apart from the question of homestead in fact where there has been a designation to the contrary, proof that the homestead of a party was included in a deed without his knowledge through fraud or mistake warrants judgment in his favor. Frank v. Zigmond, 22 Tex.Civ.App. 161, 54 S.W. 271 (1899, writ ref'd); Texas Land and Loan Co. v. Blalock, *supra;* Constitution of Texas, Art. XVI, § 50, Vernon's Ann.St.; 28 Tex.Jur.2d Homesteads § 92, p. 487, and cases cited therein.

■ Given this state of the record, we cannot say that the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the appellants' cause of action. Gibbs v. General Motors Corp., 450 S.W.2d 827 (Tex. 1970).

■ Rule 166–A, Texas Rules of Civil Procedure, authorizing summary judgment, puts the burden of proving there is no genuine issue of any material fact upon the movant, and all doubts as to the existence of such genuine issue as to a material fact must be resolved against the party moving for a summary judgment. Gulbenkian v. Penn, *supra.*

Due to the foregoing, it becomes unnecessary for us to discuss the possible damages to appellants due to their eviction by appellee from Tract 2.

The judgment of the trial court is reversed and the cause remanded for trial.

Reversed and remanded.