REVISED, May 8, 1998

**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

NO. 97-10683

---

In the Matter of: Charles R. Crowell,

Debtor.

CHARLES R. CROWELL,

Appellant,

VERSUS

THEODORE BENDER ACCOUNTING, INC.,d/b/a
THEODORE BENDER ACCOUNTING SERVICE, INC.

Appellee.

---

Appeal from the United States District Court
For the Northern District of Texas

---

April 29, 1998

Before DAVIS, WIENER and PARKER, Circuit Judges.

ROBERT M. PARKER, Circuit Judge:

**I.**

**FACTS & PROCEDURAL HISTORY**

Charles R. Crowell filed for Chapter 13 reorganization on January 4, 1988. Crowell claimed a rural homestead exemption under Texas law for a forty-two (42) acre tract of land within the city limits of Keller, Texas. Theodore Bender Accounting, Inc. ("Bender") had a lien on the forty-two acres. The Chapter 13 Trustee objected to the designation of all forty-two acres as

1

exempt rural homestead. Thereafter, Crowell intitiated an adversary proceeding to invalidate Bender's lien, and Bender counter-claimed asserting the validity of its lien and sought a judgment of foreclosure. Then, without notice to Bender and without a hearing, the Chapter 13 Trustee abandoned his objection by agreement with Crowell.

Following a trial in the adversary proceeding initiated by Crowell, the bankruptcy court agreed with Bender, and designated the land as urban homestead, reducing Crowell's allowable exemption to one (1) acre. The bankruptcy court dismissed Bender's counter-claim for foreclosure without prejudice to its rights to seek relief from the automatic stay or to seek foreclosure in the event the automatic stay was terminated. Finally, the bankruptcy court ordered Crowell to choose which one of the forty-two acres he wished to have exempted as urban homestead, and if he did not do so, the Trustee would make the designation.[1] On appeal the district court affirmed the ruling of the bankruptcy court, and Crowell timely appealed to this Court.

It is clear to us that the central issue is whether the bankruptcy court and district court erred by designating Crowell's homestead as urban rather than rural. Out of this singular issue, Crowell managed to distill fourteen (14) issues for this Court to resolve on appeal. Nevertheless, we will attempt to focus on the central issue here, passing only on those corollary issues which

---

[1]The bankruptcy court's order stipulated that the one acre designated by Crowell or the Trustee had to include the house then standing on the property.

are essential to resolution of this appeal.

## II.

## LAW & ANALYSIS

## A.

### Standard of Review

We review the decision of the district court by applying the same standards of review to the bankruptcy court's findings of fact and conclusions of law as applied by the district court. *In re Kennard*, 970 F.2d 1455, 1457 (5th Cir. 1992), *citing In re Killebrew*, 888 F.2d 1516, 1519 (5th Cir. 1989). "A bankruptcy court's findings of fact are subject to clearly erroneous review ... [and] [c]onclusions of law ... are reviewed *de novo*." *Id*. at 1457-58 (citations omitted). Whether a homestead is rural or urban is a question of fact. *U.S. v. Blakeman*, 997 F.2d 1084, 1090-91 (5th Cir. 1992)(citing cases).

## B.

### Preliminary Matters

Crowell argues that the bankruptcy court was wrong to declare Bender's lien valid, because Bender did not timely file an objection to the claimed exemption within thirty days of the § 341 creditors meeting as required by Bankruptcy Rule 4003(b). 11 U.S.C. § 4003(b). Further, Crowell argues that the agreed order signed by the bankruptcy court withdrawing the Chapter 13 Trustee's objection to Crowell's exemption is *res judicata* and precludes Bender's claim that its lien is valid.

*i.*

3

*Timeliness*

The timeliness of Bender's objection is irrelevant. The bankruptcy court did not try the validity of the lien based on Bender's objection. Rather, Crowell instituted an adversary proceeding to have Bender's lien declared invalid. Hence, whether Bender timely filed an objection to Crowell's exemption or not, it was Crowell who placed the validity of Bender's lien in issue, and therefore, Crowell cannot complain that the bankrupty court decided the issue.

*ii.*

*Res Judicata[2]*

The agreed order between the Chapter 13 Trustee and Crowell withdrawing the trustee's objection to Crowell's exemption has no preclusive effect on Bender. The agreed order only stood for the proposition that the Chapter 13 Trustee agreed that the entire forty-two acres was rural homestead, and therefore, since there was no other objection, the exemption would be allowed. The agreed order does not address the validity of Bender's lien, nor does it address the rural or urban nature of the homestead. Therefore, since the agreed order did not reach the merits of Bender's lien or of the claimed exemption, it has no preclusive effect on those issues. *Matter of Super Van, Inc.*, 92 F.3d 366, 370 (5th Cir. 1996)(doctrine of *res judicata* only bars relitigation of matters that have been or should have been previously determined on the

---

[2]More precisely, the question here is one of issue preclusion (collateral estoppel). *Matter of Super Van Inc.*, 92 F.3d 366, 370 n. 11 (5th Cir. 1996).

merits), *citing Langston v. Ins. Co. of North America*, 827 F.2d 1044, 1046 (5th Cir. 1987).

Finally, even if the agreed order had the effect of determining the validity of Bender's lien, no hearing was held before the agreed order was entered and Bender was not given notice that the Chapter 13 Trustee had stipulated to abandon its objection until after the agreed order was entered. Therefore, Bender was in no sense a party to the stipulation and is not bound by it. *Hansberry v. Lee*, 311 U.S. 32, 61 S. Ct. 115 (1940)(due process precludes binding a party to a judgment when he did not have notice or an opportunity to be heard and his interests were not adequately represented).

## C.
### Rural v. Urban

This Court has recently expounded, in some detail, the factors to be considered by the bankruptcy court in determining whether any particular property claimed as exempt under Texas law is rural or urban.

> These factors include "(1) the location of the land with respect to the limits of the municipality; (2) the situs of the lot in question; (3) the existence of municipal utilities and services; (4) the use of the lot and adjacent property; and (5) the presence of platted streets, blocks, and the like."

*U.S. v. Blakeman*, 997 F.2d 1084, 1091 n. 14 (5th Cir. 1992), *quoting In re Bradley*, 960 F.2d 502, 511-12 n. 18 (5th Cir. 1992)(citing cases).

A review of the bankruptcy court's findings of fact and conclusions of law reveals that the bankruptcy court made a series

of specific findings of fact relevant to each of the elements outlined in *Blakeman, supra* 997 F.2d at 1091 n. 14. First, the bankruptcy court found that the entire forty-two (42) acres has been within the city limits of Keller, Texas, since February of 1979. Second, the bankruptcy court found that as of January, 1986, city sewer and water services were available to the property upon request, and the city provided police and fire protection. Private electrical and natural gas pipeline service was also available to the property. Third, prior to January, 1986, there were five platted residential subdivisions in the surrounding immediate vicinity of the Crowell property; Quail Valley, the Black Addition, County Hill Estates, Sunrise Estates, and Oak Bend Estates. In January, 1986, the adjacent properties to the west and north of the Crowell Property were also subdivided into residential lots, none larger than five acres. Mr. Crowell did raise cattle on his property, but by city ordinance livestock could not be kept on the property within 200 feet of any structure on neighboring land, and as of January, 1986, the property was zoned for residential use. Finally, as of January, 1986, approximately seventy-five percent of the developable land in the city had been or was being developed, and the city itself contained commercial development as well as parks and recreational areas, i.e., Keller, Texas, was a full service urban city, albeit a small one.

Our review of the record and exhibits presented to the bankruptcy court shows no clear error in the bankruptcy court's findings of fact. Furthermore, the bankruptcy court's findings

6

with respect to each of the elements outlined in *Blakeman, supra*, favors a finding that the property was urban homestead. The record reflects that Crowell's forty-two acre tract was on the edge of development in Keller, but by the time Crowell filed for bankruptcy and claimed a rural homestead exemption, residential development had finally surrounded his property. Crowell was left with a small farm in the middle of a residential neighborhood. Therefore, we find no clear error in the bankruptcy court's ultimate factual conclusion that Crowell's property was urban homestead.

## D.

### Involuntary Designation

Finally, Crowell argues that it was error for the bankruptcy court to require him to designate the one acre of urban homestead which would be exempt (with the understanding that it must include the house on the property) or have the trustee do it for him.[3] Sections 41.021-41.023 of the Texas Property Code provide the method for designation of the homestead if a judgment creditor proceeds to execute on the property, and the judgment debtor has

---

[3]There is no error in requiring that the family home be included in the designated one acre homestead. Regardless of who makes the designation, under Texas law, the homestead must include the home. *Loomis v. Wallis & Short, P.C.*, No. 14-96-00389-CV, 1997 WL 535655, pg. *3 (Tex. App.-Hous., Sept. 4, 1997)("[T]he definition of 'homestead' as encompassing lot or lots used for the purposes of a home, corresponds with recent case law"), *citing NCNB Texas Nat. Bank v. Carpenter*, 849 S.W.2d 875, 879 (Tex. App.-Fort Worth 1993); *Gann v. Montgomery*, 210 S.W.2d 255, 257-58 (Tex.Civ.App.--Fort Worth 1948, writ ref'd n.r.e.)("[Homestead] ... includes as an indispensable part thereof the dwelling-house or family residence"), *citing* 40 C.J.S., Homesteads, § 52 (1941); *Blomgren v. Van Zandt*, 126 S.W.2d 506, 509 (Tex.Civ.App.--Eastland 1939)(Head of family may designate 200 acre homestead portion out of larger contiguous acreage, but "[t]he part so designated must include the dwelling and appurtenances thereto"), *quoting Watkins Land Co. v. Temple*, 135 S.W.2d 1063, 1064 (Tex.Civ.App. 1911).

7

not yet made a voluntary designation of the homestead under § 41.005. The judgment creditor, having caused execution to issue, must give notice to the judgment debtor to make a designation. Tex. Prop. Code Ann., § 41.021. The judgment debtor then has until the next Monday after 20 days after service of notice in which to designate the homestead (one acre for urban homestead and 200 acres for rural family homestead). Tex. Prop. Code Ann., § 41.022. If the judgment debtor fails to make a voluntary designation within the time allowed, then the court from which the writ of execution issued must appoint a commissioner to designate the judgment debtor's homestead. Tex. Prop. Code Ann., § 41.023. The bankruptcy court clearly did not use the method outlined in the Tex. Prop. Code Ann., §§ 41.021-41.023.

Whether the bankruptcy court must use state law procedure for designation of the homestead, when the debtor has claimed a state-law homestead exemption as allowed by § 522 (b)(2)(A) of the Bankruptcy Code, is a choice of law question which has not been decided by this Court. We hold that the bankruptcy court is not bound to follow the Texas Property Code procedure for designating the debtor's homestead from a larger parcel of property in order that the remainder may be liquidated.

The governing law in federal bankruptcy court is the Bankruptcy Code. That code incorporates state law to the extent that it allows a debtor to claim a state-law exemption under § 522(b)(2)(A). Texas law provides for two types of homestead exemption--rural and urban. The determination of whether the

**8**

homestead is rural or urban is a state law question.  *In re Bradley*, 960 F.2d 502, 507 n. 7 (5th Cir. 1992), *citing In re Moody*, 77 B.R. 580, 590 (S.D.Tex. 1987), *aff'd*, 862 F.2d 1194 (5th Cir. 1989).  However, once the nature of the homestead has been determined (i.e., rural or urban homestead), Texas law provides no substantive standards to guide the designation of that portion of the debtor's real property which is the actual homestead (assuming, as in this case, that the property acreage exceeds the maximum allowed for that type homestead), with the exception of the requirement that it include the debtor's residence.[4]  The Tex. Prop. Code Ann., §§ 41.021-41.023, outlines only the procedure and not the substantive standards for designation of the homestead, and therefore, failure to follow these provisions cannot be expected to result in a designation which differs materially from that which might be made by a commissioner appointed under Tex. Prop. Code Ann., §41.023.

In the administration of the bankruptcy estate the bankruptcy court must be free to designate that portion of the debtor's real property which is exempt homestead using those entities and persons already involved in the process established by the Bankruptcy Code. The Texas state-law procedure, involving as it does the appointment of actors foreign to the Bankruptcy Code, is a procedure apparently not contemplated by the Code.  The Bankruptcy Code, by simply allowing debtor's to claim a state-law exemption, should not be understood to force bankruptcy courts to use state-law procedures

---

[4]See note 3, *supra*.

and state-law actors to make a determination which the trustee or the bankruptcy court ordinarily would make if the debtor elected the federal exemptions.  Therefore, we must conclude that the bankruptcy court did not err by failing to use the procedure outlined in Tex. Prop. Code Ann., §§ 41.021-41.023.

## III.

## CONCLUSION

We find that the bankruptcy court followed the applicable law, that its findings of fact were not clearly erroneous and that its ultimate factual conclusion, i.e., that Crowell's homestead was urban rather than rural, is not clearly erroneous.  Furthermore, the bankruptcy court did not err by requiring Crowell to designate that one-acre portion of the forty-two acres which would be exempt as urban homestead (with the understanding that it include the residence thereon) or have the trustee make the designation. Therefore, we affirm.

AFFIRMED.