E. GRADY JOLLY, Circuit Judge:
In this bankruptcy case, Darwin Deason appeals from the district court’s judgment in favor of the appellees. Because we find that the district court erred by holding that appellee John Niiand was not estopped from asserting his homestead claim, we reverse the district court’s judgment.
I
In September 1971, John H. Niiand and his wife purchased a house located at 4717 Miron Drive, Dallas, Texas (the Property). In September 1977, John Niiand purchased a condominium unit at Hollows North Condominium (the Condo). Niiand and his wife were later divorced. In 1982 Niiand borrowed $113,500 from Richardson Savings & Loan, with the Property as security. As a part of that transaction, on January 4, 1982, Niiand executed an affidavit to Richardson Savings & Loan Association in which he claimed the Condo as his homestead. At the time he executed this affidavit, Niiand knew the affidavit was false, or that it was made recklessly without any regard for the truth. Niiand also made the affidavit with knowledge that it would be acted upon by Richardson Savings & Loan Association. In February 1983, Niiand obtained a $300,000 loan from Continental Savings & Loan (CSA), secured by a first *273 lien upon the Property. Again, Niland falsely claimed by affidavit that the Condo was his residence. Approximately $120,-000 of the loan was used to pay off the mortgage to Richardson Savings. As part of the loan agreement, Niland executed a deed of trust conveying the Property to David Wyle, as Trustee for CSA.
On February 18, 1983, Technical Chemical Company recovered a judgment by default against Niland. On October 14, 1983, the president of Technical Chemical executed a release of judgment lien against the Condo, based on Niland’s declaration that the Condo was his homestead. As a result of Niland’s declaration and the release based upon the protection afforded homestead claimants under Texas law, Technical Chemical was unable to satisfy its judgment.
In March 1983, Niland defaulted on the mortgage payments to CSA, and in June, CSA accelerated the amount due. CSA foreclosed on the Property, selling it for $320,000 to the appellant, Darwin Deason, at an auction on August 2. Deason allowed Niland to continue to live on the Property until October 1983. When Niland refused to vacate the premises, Deason filed a forceable entry and detainer suit against him. Shortly thereafter, Niland filed for relief under chapter 13 of the Bankruptcy Act, and removed the forceable entry and detainer suit to bankruptcy court.
The bankruptcy court found that the Property was Niland’s homestead, and that Niland was not estopped under Texas law from claiming it as his homestead, 50 B.R. 468. The bankruptcy court then imposed an equitable lien against Niland’s homestead interest, and awarded title to the remainder to Deason. Finding that the Property could not feasibly be divided, the court made Deason and Niland co-tenants in the Property, granting Deason a fractional undivided interest proportionate to the size of the nonexempt portion of the Property, and also an equitable lien on the Property to secure the judgment against Niland for fraud and breach of warranty.
The parties appealed this judgment in the district court which affirmed, finding the Property to be Niland’s homestead, denying a constructive trust for the benefit of Deason, and denying Deason’s breach of warranty and representation claims against CSA. The district court reversed the bankruptcy court’s imposition of an equitable lien on the nonexempt portion of the Property in favor of Deason, and held that the bankruptcy court erred in holding Deason and Niland to be co-tenants. The district court also denied Deason’s request to alter and amend the judgment to reflect the bankruptcy court’s judgment in Deason’s favor for $163,303.68, plus prejudgment interest based on Niland’s fraud and breach of warranty.
Finally (since Texas law limits the size of the homestead exemption to one acre), the district court ruled that Niland was largely free to designate which portion of the property he planned to claim as his homestead.
After the district court denied Deason’s motion for reconsideration and amendment, Deason filed a timely notice of appeal.
II
A number of complex issues are raised by the parties on appeal. Appellant Dea-son claims that both the district court and the bankruptcy court erred by failing to find breach of warranty by CSA in connection with its sale of the Property to Dea-son. According to Deason, these courts also erred by failing to impose a constructive trust on the proceeds of the foreclosure sale for the benefit of Deason. Deason further argues that the district court erred by affirming the bankruptcy court’s finding that the Property was Ni-land’s homestead, and that Niland was not estopped from claiming it. But Deason also argues that the district court erred in reversing the bankruptcy court’s imposition of an equitable lien against Niland’s homestead interest in favor of Deason. Deason contends that the homestead designation issue was improperly raised before the district court because it was not raised before *274 the bankruptcy court. Finally, Deason argues that the bankruptcy court’s judgment should be reinstated to reflect the court’s finding in favor of Deason against Niland based on fraud and breach of warranty claims. On the other hand, the appellees CSA and John Niland argue that the district court judgment should be affirmed.
We affirm the holding of the district court that the Property was Niland’s homestead. However, we reverse its finding that estoppel did not apply to Niland’s homestead claim. Since we decide that Ni-land is estopped from claiming the property as his homestead, we do not reach the other issues on appeal as they are premised on Niland’s ability to claim the homestead exemption.
Ill
Deason contends that the bankruptcy court erroneously found that the Property was Niland’s homestead, and that the district court erred by affirming the bankruptcy court’s finding. We disagree.
The rule under Texas law is that to establish a homestead claim one must show concurrently (1) overt acts of homestead usage of the property; and (2) intent on the part of the owner to claim the properly as homestead. Sims v. Beeson, 545 S.W.2d 262, 263 (Tex.Civ.App.1976). Both elements must be proved. McFarlane v. First Nat. Bank, 97 S.W.2d 754, 760-61 (Tex.Civ.App.1936).
Once the homestead character attaches to realty, that character continues until the homestead is abandoned, conveyed, until another homestead is acquired, or until the homestead claimant dies and is not survived by constituent family members entitled to the homestead exemption. Hollifield v. Hilton, 515 S.W.2d 717, 721 (Tex.Civ.App.1974). Abandonment occurs when the former claimant (1) intends permanently to discontinue the homestead use of the property; and (2) actually discontinues such use. Franklin v. Woods, 598 S.W.2d 946, 949 (Tex.Civ.App.1980). A temporary departure from the homestead does not constitute abandonment. E.g., McFarland v. Rousseau, 667 S.W.2d 929, 931 (Tex.App.1984).
The bankruptcy court applied the correct legal standard. The bankruptcy court found, as a matter of fact, that from September 21, 1971, onward, Niland had lived in open, actual and obvious possession of the Property, and that at no time did he ever intend to abandon the Property as his homestead. The bankruptcy court therefore concluded that Niland could validly claim the Property as his homestead. The district court upheld the bankruptcy court’s determination because, as trier of fact, that court’s factual findings were not clearly erroneous. We agree with the district court that the bankruptcy court’s factual findings were not clearly erroneous, and we therefore find that the district court properly upheld the bankruptcy court’s finding that the property was Niland’s homestead.
IV
We conclude, however, under the facts of this case, that Niland is estopped from claiming his homestead exemption. We note at the outset that it is clear under Texas law that if a debtor’s property has been used for homestead purposes (i.e., occupied and used generally as a home), the debtor may not be estopped from claiming the property as a homestead despite his or her fraudulent statements to the contrary. Lincoln v. Bennett, 138 Tex. 56, 156 S.W.2d 504 (1941); Texas Land & Loan Co. v. Blalock, 76 Tex. 85, 13 S.W. 12 (Tex.1890). A debtor may, however, be estopped from claiming property as a homestead if the purchaser checks the deed records and discovers a deed from the debt- or to another party. Eylar v. Eylar, 60 Tex. 315 (1883).
In this case, Niland did occupy and use the property as a home, and the purchaser Deason did not check the deed records. Thus, under principles of Texas law, estop-pel would not apply to Niland’s homestead claim unless there are additional facts upon which Deason can rely to estop Niland from reaping the benefit of the fraud he has perpetrated on several persons. We *275 believe there is one additional fact of pivotal significance. Niland claimed that the Condo was his homestead, and he received a manifest and material benefit as a result of that claim: a creditor lifted a judgment lien on the Condo. Although there appears to be no Texas case which deals with this exact situation, we do believe that a Texas court would apply the doctrine of estoppel in these circumstances.
Under Texas law a debtor is entitled to only one homestead.[1] Davis v. Hawn Lumber Co., 193 S.W.2d 263, 265 (Tex.Civ.App.1946); Silvers v. Welch, 91 S.W.2d 686, 687 (Tex.Com.App.1936). But here, the effect of recognizing Niland’s homestead rights to the Property is to provide legal rights to two homesteads for Niland. Niland falsely represented that the Condo was his homestead and, as a result, a judgment lien on the Condo was released. Ni-land now seeks relief from foreclosure on a different piece of property, which he earlier fraudulently claimed not to be his homestead, but which he now acknowledges to be his actual homestead. Although it may be true that Niland would not in fact be entitled to claim the Condo as a homestead, it is nevertheless true that he benefitted from that false claim. Failure to apply estoppel here would result in Niland’s receiving the benefit of two homestead exemption claims. Although Texas courts have been zealous in protecting the right of debtors to receive the benefit of a single homestead exemption, we believe that they would estop a debtor from actually benefit-ting from two different and unrelated coeval homestead exemptions as a result of his fraud.
Texas’ law of homestead rights places the debtor who falsely denies that a piece of property is his homestead in the same position as one who properly claims property as a homestead. See Lincoln v. Bennett, 138 Tex. 56, 156 S.W.2d 504; Texas Land & Loan Co. v. Blalock, 76 Tex. 85, 13 S.W. 12; Burkhardt v. Lieberman, 138 Tex. 409, 159 S.W.2d 847 (Comm’n App.1942). In either case the debtor receives one, and only one, homestead right. But if estoppel were not applied in this case, Ni-land would be placed in a position superior to that of an honest homestead claimant since he would receive the benefit of two homestead claims. Indeed, Niland could recover greater homestead rights than any previous fraudulent homestead claimant had under Texas law. We do not believe that the Texas courts would permit the fraudulent homestead claimant to receive greater homestead rights than the honest debtor who properly claims the single homestead exemption to which he is entitled. We therefore conclude that under the facts of this case Niland should be es-topped from claiming the Property as his homestead.
*276 V
For the foregoing reasons, we reverse the district court’s judgment. We remand the case for futher proceedings consistent with this opinion.
REVERSED AND REMANDED.

. We acknowledge the importance accorded to the homestead right by Texas law. The homestead rights of Texas citizens are guaranteed by the state constitution, Tex. Const., art. 16, § 50, which provides:
Sec. 50. The homestead of a family, or of a single adult person, shall be, and is hereby protected from forced sale, for the payment of all debts except for the purchase money thereof, or a part of such purchase money, the taxes due thereon, or for work and material used in constructing improvements thereon, and in this last case only when the work and material are contracted for in writing, with the consent of both spouses, in the case of a family homestead, given in the same manner as is required in making a sale and conveyance of the homestead; nor may the owner or claimant of the property claimed as homestead, if married, sell or abandon the homestead without the consent of the other spouse, given in such manner as may be prescribed by law. No mortgage, trust deed, or other lien on the homestead shall ever be valid, except for the purchase money therefor, or improvements made thereon, as hereinbefore provided, whether such mortgage, or trust deed, or other lien, shall have been created by the owner alone, or together with his or her spouse, in case the owner is married. All pretended sales of the homestead involving any condition of defeasanace shall be void. This amendment shall become effective upon its adoption.
However, the reach of the protection afforded by this provision does not extend beyond the right to a single homestead exemption. In this case Niland claimed the Condo as his homestead and received the intended constitutional protection, relief from foreclosure. We do not believe that the Texas Constitution confers further benefit on Niland by granting relief from foreclosure on a second piece of property.