**In re Felix E. SKINNER, Jr. and Berniece Skinner, Debtors.**

**MBANK GARLAND and Russell L. Munsch, Trustee, Plaintiff,**

v.

**Felix E. SKINNER, Jr. and Berniece Skinner, Defendant.**

Bankruptcy No. 386–30963–A–7.
Adv. No. 386–3642.

United States Bankruptcy Court,
N.D. Texas,
Dallas Division.

June 10, 1987.

Robert Yaquinto, Jr., Dallas, Tex., for defendant.

Stephen Hill, Garland, Tex., for plaintiff.

Michael F. Wurst, Decker, Hardt, Kopf, Harr Munsch & Dinan, Dallas, Tex., for trustee.

## MEMORANDUM OPINION

HAROLD C. ABRAMSON, Bankruptcy Judge.

The Court writes to announce its decision in the above-referenced adversary proceeding. According to the Statement of Stipulated Facts, filed May 15, 1987, the Debtor, Felix E. Skinner, granted a mortgage on rural property in Hurst County, Texas. The property is a tract of land containing 91.93 acres. On November 2, 1979, the Skinners obtained a loan of $60,000.00 from Century Bank & Trust which is now known as MBank Garland (the "Bank"). The loan was used for F & J Contracting, Inc., a company which the Skinners and their son owned. The mortgage of the 91.93 acres secured this loan. The mortgage and note were renewed in the principal sum of $34,000.00 on July 20, 1984.[1]

Prior to the original loan and mortgage transaction, Felix and Berniece Skinner executed a homestead designation and affidavit designating ten acres of the 91.93 acre tract as their homestead. According to the testimony of Felix Skinner at the May 19, 1987 hearing, Berniece Skinner signed the affidavit some two days prior to the time it was notarized. Felix Skinner denied knowledge of the contents or import of the homestead designation and affidavit. He claimed that he did not read the document and executed it together with several other papers the Bank prepared and wanted signed. He then took the documents home where Berniece signed them and then later took the documents to the county courthouse where they were notarized. Berniece Skinner was not present when the documents were notarized.

Felix Skinner understood that the 91.93 acres was mortgaged as collateral for his loan to F & J Contracting, Inc. His testimony indicates that he understood the transaction and voluntarily entered into it. He stated that he had done business with the Bank for about ten years and trusted the Bank. The Court infers from the testimony that the Bank trusted him as well. This is shown by the entire manner in which the transaction was conducted and by the fact that, despite the refusal of a title company to issue a favorable report on the mortgage, Mr. Skinner was permitted to seek another title report from a different title company. This second report was favorable and incorporated into the transaction. The testimony of Mr. Skinner also establishes that he had no residence apart from the 91.93 acre tract, and this was known by all parties at the time of the transaction. The evidence shows that the Skinners used the 91.93 acre tract as their homestead prior to the transaction and thereafter. No abandonment of this homestead has occurred.

The Court is urged by the Bank and the bankruptcy trustee to give effect to the homestead designation and affidavit. This would limit the Skinners' rural homestead claim to the ten acres designated as homestead. The Bank and the bankruptcy trustee urge that the Skinner's are estopped from claiming the full rural homestead by virtue of the Bank's reliance on the homestead designation and the Skinner's receipt of the loan funds as a result of that reliance.

1. A separate tract of approximately 4 acres was covered in the original mortgage but released by the Bank on June 13, 1984.

The Court questions the standing of the bankruptcy trustee to assert an estoppel. No reliance by a creditor other than the Bank is shown by the evidence. Even if the Court were to find an estoppel, no basis is shown for the bankruptcy estate to receive any portion of the homestead rights as a result of an estoppel of the Skinners as to the Bank. See 11 U.S.C. § 544(b); *Matter of Lang;* 5 B.R. 371, 6 B.C.D. 713 (Bankr.S.D.N.Y.1980); *In re Bell & Beckwith,* 50 B.R. 422, 433–34 (Bankr.N.D.Ohio 1985); *Matter of Russo,* 18 B.R. 257, 270 (Bankr.E.D.N.Y.1982). However, because the Court agrees with the Skinner's claim, the standing of the bankruptcy trustee in this adversary proceeding becomes a moot issue.

It is fundamental to Texas homestead law that:

> If property be homestead in fact and law, lenders must understand that liens cannot be fixed upon it, and that declarations of husband and wife to the contrary, however made, must not be relied upon. They must further understand that no designation of homestead contrary to the fact will enable parties to evade the law and encumber homesteads with liens forbidden by the [Texas] Constitution.

*Texas Land & Loan Co. v. Blalock,* 76 Tex. 85, 89, 13 S.W. 12, 13 (1890); *quoted in, In re Niland,* 809 F.2d 272, 276 (5th Cir.1987) (dissenting opinion of Randall, J.).

The Court is urged to find an estoppel based upon the holding of *In re Niland, supra.* It is asserted that, Texas law notwithstanding, this Court is bound to follow Fifth Circuit precedent and find an estoppel where no Texas Court would do so. This Court agrees that it is bound by Fifth Circuit precedent, but leaving aside the question of whether *Niland* was correctly decided,[2] the Court finds no support in *Niland* for the estoppel theory asserted here. Unlike the facts in *Niland,* in the case at bar there is no attempt by the Skinners to claim two separate homesteads. Nor is

there any question that the Skinners resided on the 91.93 acre tract prior to the granting of the mortgage and they have continued to reside there to date. No grounds for estoppel are shown other than the false declaration of homestead and affidavit and the Bank's reliance thereon. No fraud upon several persons is shown by the evidence. As was stated stated by the majority in the *Niland* decision:

> We note at the outset that it is clear under Texas law that if a debtor's property has been used for homestead purposes (i.e., occupied and used generally as a house), the debtor may not be estopped from claiming the property as a homestead despite his or her fraudulent statements to the contrary.... Thus, under principles of Texas law, estoppel would not apply to [the debtor's] homestead claim unless there are additional facts upon which [the creditor] can rely to estop [the debtor] from reaping the benefit of the fraud he has perpetrated on several persons. (citations omitted)

*In re Niland,* 809 F.2d 272, 274 (5th Cir. 1987). In this case there is no attempt by the Debtor to claim more than one homestead and there is no fraud upon several persons.

The Court finds that the Skinners had actual, open, and exclusive possession of the 91.93 acres upon which the November 2, 1979 mortgage and the July 20, 1984 renewal of the mortgage was granted. The property was in law and fact the rural homestead of the Skinners at all pertinent times and this was known or should have been known to the Bank. Under 11 U.S.C. § 522(b)(2)(A), the Skinners are entitled to claim exemptions allowed them by Texas law. Under Section 41.001 of the Texas Property Code and Tex. Const., art. 16, §§ 50, 51, the Skinners are entitled to claim both the approximately four acre tract and the 91.93 acre tract as their rural homestead. Texas law, and the precedents of Fifth Circuit jurisprudence do not recognize an estoppel against the homestead

---

**2.** The Court notes the similar holding in *Life Ins. Co. of Virginia v. Weatherford,* 60 S.W.2d

883 (Tex.Civ.App.—Eastland 1933, writ ref'd).

claim under the facts of this case. See *Blomgren v. Van Zandt,* 126 S.W.2d 506 (Tex.Civ.App.—Eastland 1939, no writ); *In re Niland, supra.*

Under the facts of this case, the Court is without authority to avoid the lien claimed by the Bank. The determination that the exemption claim is proper has removed the homestead from the property of the estate. 11 U.S.C. § 522(b). It is true that the asserted mortgage on the Debtor's homestead "impairs an exemption to which the debtor [is] entitled under [11 U.S.C. § 522(b)]", but the provision permitting the avoidance of liens on exempt property does not cover this situation. 11 U.S.C. § 522(f). Therefore, because this is a Chapter 7 proceeding and none of the trustee's avoidance powers apply, the Court will not rule on the validity of the lien asserted by the Bank. Accordingly, under the authority of *In re Allen,* 725 F.2d 290 (5th Cir.1984), the Court upholds the exemption of the rural homestead without ruling on the validity of the lien claimed by the Bank. Counsel for the Skinners is to prepare an appropriate from of order.[3]

---

**3.** This memorandum shall be entered of record and shall constitute findings of fact and conclu-

sions of law. This is a core proceeding.